## STATE COURT OF APPEALS—Continued

No. 88
### B. & O. R'Y CO v. NORCROSS MARBLE CO.
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4664. Decided Nov. 19, 1923

829. NEGLIGENCE—Doctrine of res ipsa loquitur applies to injury of building by railroad when latter fails to explain cause of injury.

PER CURIAM:

Epitomized Opinion
First Publication of this Opinion

The Norcross Company recovered a judgment in the Cleveland Municipal Court for damages done to a building on its property by a car operated by the R. R. Co., to reverse which this case comes into this court by petition in error.

The Court of Appeals, in deciding the case, held that the doctrine of res loquitur applies in this case. When the Marble Company proved that the accident happened in the manner in which it did, the burden was thrown upon the R. R. Co. to explain how the accident happened. This they did by showing that a block of some kind got upon the track and caused the injury, but it would seem more natural, from the condition of the railroad track, that the evidence shows that the block undoubtedly fell from one of their cars that made up the train that injured the building; that is, that when the car was derailed the block slid off of the flat car and got wedged in between the building and the track. The evidence shows that the track was clear, as far as it could be observed, prior to the afternoon of the accident, hence the so-called explanation of the R. R. Co. does not explain the situation and the doctrine of res ipsa loquitur applies and the plaintiff would be entitled to recovery, therefore the judgment is affirmed.

Attorneys—Tolles, Hogsett, Gin & Morley, Cleveland, for R. R. Co.; S. A. Titus, Cleveland, for Norcross Co.

No. 89
### STATE v. BANKS
Ohio Appeals, 7th Dist., Mahoning County
Decided Oct. 5, 1923

866. OFFICE AND OFFICERS—Resignation of police officer held in effect judgment of ouster—Action for ouster should be dismissed when only question involved is that of costs—Court will not try abstract title to office alone.

FARR, J.

Epitomized Opinion
First Publication of this Opinion

This was an action in quo warranto brought in the Court of Appeals of Mahoning county to oust Banks from the position of Director of Public Safety in the city of Youngstown. The petition stated that on Jan. 1, 1922, Hamilton was appointed Safety Director and on Jan. 18, 1923, Banks was appointed Safety Director to succeeded Hamilton. A few days before this action was brought, Banks resigned and Hamilton resumed his duties. It was urged at the hearing that inasmuch as quo warranto was a proceeding by which the right to a public office was tried, the case should be determined regardless of whether Banks resigned or not. In dismissing the petition, the Court of Appeals held.

1. When Banks resigned, and Hamilton again took office, it had the same effect as though this court had entered a judgment of ouster against Banks.

2. Where the only question involved is the question of costs, the court should not continue the cause but should dismiss the action.

3. Where no substantial benefit will insure to the relator, no order will issue after the term of office has expired, merely to try the abstract title to the office.

Petition dismissed.

Banks to pay cost to date of resignation and Hamilton from that date.

Attorneys—Metcalf, Kenealy & Cannon, for State; J. H. Leighninger and Henry W. Church, for Banks.

No. 90
### ALDRICH v. McCUNE
Ohio Appeals, 4th Dist., Franklin County
No. 1122. Decided Nov. 15, 1923

923. PLEADINGS—Demurrer properly sustained by lower court.

677. JUDGMENTS—Judgment of trial court on waiver of jury trial has same force and effect as verdict.

ALLREAD, J.

Epitomized Opinion
First Publication of this Opinion

This was an action on a contract against Aldrich and one Hill. A demurrer was sustained to the second and third defenses of the answer. On the first defense an issue was made, and the court found for the plaintiff, the jury having been waived by both parties. The defendants prosecuted error. In affirming the judgment of Judge Thomas, the Court of Appeals held:

1. The demurrer was porperly sustained for the reasons given by Judge Thomas in his written opinion.

2. As a jury was waived, the judgment of the court had the same force and effect as a verdict, and a reviewing court cannot reverse the same unless the judgment is manifestly contrary to the weight of evidence, which situation does not appear to exist in this case.

Attorneys—W. H. Aldrich and Frank Pigmias, for Aldrich; Wilbur E. Benoy, for McCune.