THE STATE, EX REL. HARTLAUB, v. MORGAN ET AL.

(No. 13391—Decided January 4, 1989.)

*Douglas N. Godshell* and *Richard M. Boyce,* for relator.

*John R. Adams,* assistant prosecuting attorney, for respondents.

MAHONEY, J. This is an original action in mandamus brought pursuant to R.C. 2731.01 *et seq.* The relator is Joseph A. Hartlaub. Respondents are John R. Morgan, Summit County Executive, and the members of the Summit County Council.

Hartlaub has petitioned the court to issue a peremptory or alternative writ of mandamus in either of two versions:

"I. That respondent Morgan approve the [Soldiers' Relief Commission's] request for the reasonable compensation of relator or determine whatever compensation of relator is reasonable.

"II. That respondents make the necessary appropriation of funds to the appropriate [Soldiers' Relief Commission] account in order that relator receive his reasonable compensation."

For the reasons which follow, we deny Hartlaub's request that this court issue the writs of mandamus.

This cause is now before us on cross-motions for summary judgment. Upon review of the materials provided to the court, we find no issues of material fact in dispute. *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 4 O.O. 3d 466, 472, 364 N.E. 2d 267, 274.

Hartlaub was a duly appointed commissioner on the five-member Summit County Soldiers' Relief Commission ("SRC"). On October 16, 1986, the SRC voted to make Hartlaub full-time president of the SRC at a salary of $44,000 per annum. Prior to the vote, Hartlaub's salary as an SRC commissioner had been $5,400 per annum. The other SRC commissioners were compensated at the lower rate. Although Hartlaub's $44,000 was not approved by Morgan pursuant to R.C. 5901.04, Hartlaub was compensated at this rate until June 1987. Hartlaub resigned as commissioner of the SRC on July 30, 1987.

In *Chevalier* v. *Brown* (1985), 17 Ohio St. 3d 61, 62, 17 OBR 64, 65-66, 477 N.E. 2d 623, 625, our Supreme Court stated:

"Mandamus may issue only where the relator establishes '(1) a clear legal right to the relief prayed for, (2) a clear legal duty upon respondent to perform the act requested, and (3) that relator has no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 29.' *Eudela* v. *Rogers* (1984), 9 Ohio St. 3d 159, 161."

R.C. 5901.04 provides:

"On the presentation of an itemized statement, the board of county commissioners shall allow the persons composing the soldiers' relief commission the actual expenses incurred in the performance of their duties, and a fair compensation for their services. The county auditor shall issue his warrant upon the county treasurer for the amount so allowed."

R.C. 5901.04 is the statutory mechanism by which the SRC commissioners' salaries are determined and paid. It is clear from the record that Morgan[1] has exercised his authority under R.C. 5901.04 and approved what he determined to be fair compensation. "A writ of mandamus will not issue to compel a public official to perform a legal duty which has been completed." *State, ex rel. Breaux,* v. *Cuyahoga Cty. Court of Common Pleas* (1977), 50 Ohio St. 2d 164, 4 O.O. 3d 352, 363 N.E. 2d 743.

Accordingly, with respect to the first alternative writ, Hartlaub does not seek to compel Morgan to exercise his authority under R.C. 5901.04. Rather, the language contained in the complaint's prayer implies that we order Morgan to exercise his authority under R.C. 5901.04 correctly.

Although R.C. 5901.04 places a mandatory duty upon the county executive to approve the SRC commissioners' salary, we find that the word "fair" is indicative of a legislative intent to imbue the county executive with a certain amount of discretion in determining the amount of the salary.

In *Goldsby* v. *Gerber* (1987), 31 Ohio App. 3d 268, 269, 31 OBR 553, 555, 511 N.E. 2d 417, 419, the court stated:

"* * * Ordinarily, mandamus cannot control the exercise of that discretion. *State, ex rel. Gerspacher,* v. *Coffinberry* (1952), 157 Ohio St. 32, 47 O.O. 31, 104 N.E. 2d 1. Mandamus directs a discretionary decision only when reliable, probative and substantial evidence supports that decision, and no reliable, probative and substantial evidence supports a contrary decision. *State, ex rel. Walters,* v. *Indus. Comm.* (1985), 20 Ohio St. 3d 71, 72-73, 20 OBR 402, 403, 486 N.E. 2d 94, 95-96."

Upon review of the evidentiary materials provided, we find that there are no material questions of fact left to be decided. The record provided to us conclusively establishes that Morgan's determination of Hartlaub's salary was based on some reliable, probative and substantial evidence.

Hartlaub also asserts a quasi-estoppel argument that Morgan's past retroactive approval of salary increases for SRC commissioners entitles him to a writ of mandamus. However, mandamus will not lie where the legal duty upon the respondent is based merely on estoppel and where the duty would not otherwise be compelled by law. *Chevalier, supra,* at 63, 17 OBR at 66, 477 N.E. 2d at 625.

Accordingly, Hartlaub cannot meet either of the first two requirements for the issuance of a writ of

---

[1] Under Summit County's form of charter government, it is Morgan, in his capacity as county executive, who makes this determination.

mandamus, *i.e.*, a clear legal right to the relief prayed for and a clear legal duty upon Morgan to perform the act requested.

Hartlaub's complaint also alternatively seeks to compel the Summit County Council to appropriate the necessary funds to compensate Hartlaub for his services as SRC commissioner. The record would indicate that the county council has appropriated the funds to compensate Hartlaub at the rate which Morgan has determined. Thus, Hartlaub has not established that he is entitled to the alternative request that the writ of mandamus order the appropriation of funds.

Hartlaub's prayer for a peremptory or alternative writ of mandamus as well as his alternative choices of language for either of the writs of mandamus is hereby denied.

*Writ denied.*

BAIRD, P.J., and CACIOPPO, J., concur.