The STATE ex rel. PALUF et al.

v.

FENELI.

[Cite as *State ex rel. Paluf v. Feneli* (1995), 100 Ohio App.3d 461.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 63383.

Decided Jan. 27, 1995.

Philip J. Korey, for relators.

Dale C. Feneli, pro se, for respondent.

BLACKMON, Judge.

At the end of 1991, Virginia Swanson, the Mayor of Highland Heights, informed Dale Feneli, then law director of the city, that she would not reappoint him as law director for the 1992–1993 term[1] and that his last day would be February 2, 1992. In early January she appointed Timothy Paluf as law director. However, the city council rejected his appointment on January 14, 1992. On February 4, 1992, Mayor Swanson reappointed Paluf as law director. The city council sent Paluf a letter asking him to appear for an interview on February 11. On February 20, in an emergency session, the city council passed Ordinance No. 14–1992. The ordinance provided that Feneli's term as law director had ended, by charter, on December 31, 1991, and since the office of law director had been vacant for more than thirty days, city council had the authority to name the new law director.[2] The city council pursuant to the ordinance appointed Dale Feneli law director "to serve at the pleasure of Council for a term ending December 31, 1993" and provided that Mayor Swanson's second appointment of Paluf as law director was void. Mayor Swanson vetoed the ordinance on February 29, 1992, and council overrode the veto on March 10.

---

1. Section 6.02 of the Highland Heights Charter provides in pertinent part: "Every second year, commencing in 1976, the Mayor shall either reappoint the Director of Law or make a new appointment, each of which shall be subject to confirmation by a majority vote of the members of Council." Thus, the law director serves a two-year term beginning in the even-numbered year.

2. Section 5.05 of the Highland Heights Charter provides in pertinent part: "In the event of a vacancy occurring in a position subject to the appointment power of the Mayor, the Mayor must exercise such appointment power within thirty (30) days from the date on which the Mayor receives official notification of the vacancy or within thirty (30) days after refusal of confirmation by City Council; otherwise, Council may fill the vacancy by majority vote."

On March 10, 1992, Paluf and Mayor Swanson brought this quo warranto action against Feneli to oust Feneli and install Paluf as law director. The action also challenged the legality of Ordinance No. 14–1992. The relators later amended their complaint to name the seven city council members as respondents and to add a claim in mandamus to compel the council either to confirm Paluf as law director or to vote on his second appointment.

This court dismissed Mayor Swanson from the quo warranto claim for lack of standing. Each side filed motions for summary judgment. On December 16, 1992, this court issued the writ of quo warranto, ordering Paluf to be installed as law director. Relying on *State ex rel. Halak v. Skorepa* (1983), 6 Ohio St.3d 97, 6 OBR 135, 451 N.E.2d 777, this court reasoned that the last sentence of Section 6.02 of the Highland Heights Charter, requiring the law director to be admitted to the Ohio bar, limited the city council's confirmation authority only to determining whether the appointee satisfied that requirement. Thus, because Paluf was a member of the Ohio bar, this court held that council should have confirmed him as law director. Because this court ruled that the charter required Paluf's confirmation, it held the mandamus claim and the issues relating to the legality of Ordinance No. 14–1992 moot.

Upon the issuance of the writ of quo warranto, Feneli relinquished and Paluf assumed the position of law director. On January 15, 1993, Feneli appealed to the Supreme Court of Ohio. Paluf served as law director throughout 1993.

In November 1993, the voters of Highland Heights elected seven new members to the city council. Thus, all the council members who were named as respondents in this lawsuit were voted out of office. On January 11, 1994, the new city council confirmed Paluf as the law director for a term expiring December 31, 1995.

On April 27, 1994, in *State ex rel. Paluf v. Feneli* (1994), 69 Ohio St.3d 138, 630 N.E.2d 708, the Supreme Court of Ohio reversed and remanded the instant case. It ruled that this court had misinterpreted the charter. *Halak* and the other authorities upon which this court relied do not stand for the proposition that a qualification clause in a charter limits the confirmation power of a city council only to determining whether that qualification has been fulfilled. Rather, city councils generally have broad authority in confirmation matters. The Supreme Court then remanded the case to this court "to determine the various issues which it found to be moot in light of its holding."

On remand, this court ordered the parties to submit briefs accompanied by any relevant materials addressing, *inter alia*, factual developments since December 1992 and whether subsequent events rendered any issues moot. In response the parties agreed that Paluf has served as law director since December 17, 1992, and that in the November 1993 election an entirely new council was elected. Addi-

tionally, on November 9, 1994, the city council passed Ordinance No. 53–1994, which repealed Ordinance No. 14–1992.

Feneli submits that the case is not moot because it would affect the rights of council, Feneli, and Paluf, and because his term as law director would not have ended until December 31, 1994. He admits that the case *sub judice* is not an action for him to recover his lost compensation or attorney fees, but that it could affect his rights. However, to the extent he premises his argument on the assertion that his term as law director would not have ended until December 31, 1994, it not well founded. Ordinance No. 14–1992 in Section 1 clearly states that the relevant term ended on December 31, 1993. Furthermore, such an assertion contravenes the Highland Heights Charter, which requires that every two years beginning in 1976 the mayor must appoint a law director. Thus, there is no way that a term for law director starting in early 1992 could extend to the end of 1994.

The scope of city council's confirmation rights was determined by the Ohio Supreme Court, which held that council was not limited to determining whether a law director appointee was licensed to practice law in Ohio. The legality of Ordinance No. 14–1992 is no longer in issue because the ordinance was repealed on November 9, 1994. We also find unpersuasive Feneli's argument that this case is not moot because a ruling by this court on his quo warranto claim is necessary in order to preserve his rights in any future legal action against the city for removing him from his job as law director. The Ohio Supreme Court clearly ruled city council had the power to reject a mayoral appointment for law director and that this court erred in granting Paluf's request for a writ of quo warranto. Our decision that the remaining issues in the case are moot will not affect Feneli's right to pursue legal action against the city.

■ We find that the ending of the 1992–1993 term of law director renders all the claims moot. In *State ex rel. Northeast Property Owners Civic Assn. v. Kennedy* (1962), 174 Ohio St. 111, 21 O.O.2d 368, 186 N.E.2d 860, the relators in July 1960 commenced a quo warranto action to remove the respondents as officers of the association; they were elected for one-year terms commencing on January 1, 1960. When the court of appeals allowed the writ, the matter was appealed in May 1962. The Supreme Court of Ohio dismissed the action as moot, because the one-year terms had expired and other officers had been elected.

The Supreme Court of Ohio reached the same result in *State ex rel. Devine v. Baxter* (1959), 168 Ohio St. 559, 7 O.O.2d 431, 156 N.E.2d 746. In that quo warranto action, the relators sought to remove certain members of a board of trustees of a cemetery association, because they were illegally elected to their offices. The court of appeals denied the writ, and the relators appealed. The Supreme Court noted that the one-year terms to which the respondents were elected had expired and that those of the respondents who continued to hold

office did so by reason of their election at the regular annual membership meeting in July 1958. Thus, the issues relating to the July 1957 election had become moot. The Supreme Court of Ohio also ruled that *State ex rel. Schwab v. Large* (1956), 165 Ohio St. 8, 59 O.O. 33, 133 N.E.2d 371, a quo warranto action, was moot because the members of the respondent board of education had ceased to function as a board and their terms of office had expired.

Furthermore, in *State v. Banks* (App.1923), 2 Ohio Law Abs. 104, a quo warranto action sought to oust Banks as Youngstown Director of Public Safety. The complaint stated that on January 1, 1922, Hamilton was appointed safety director, and on January 18, 1923, Banks was appointed to that position. A few days before the action was commenced, Banks resigned and Hamilton resumed his duties. The relator urged the court to determine the right to the office. Instead, the court dismissed the petition. It reasoned that when "no substantial benefit will inure to the relator, no order will issue after the term of office has expired merely to try the abstract title to the office." *Id.* See, also, *State ex rel. Pros. Atty. v. Webster* (App.1933), 14 Ohio Law Abs. 640, in which the prosecuting attorney brought a quo warranto action to oust Webster as a special prosecuting attorney. While the case was pending, the relator left office and his successor did not pursue the quo warranto action. The court ruled the matter moot.

The instant case presents the same scenario as the above-listed cases. In those cases, a quo warranto action was brought to contest title to an office; in each the term of office had expired, and the courts dismissed the action as moot. In the present case a quo warranto action was commenced to determine who was entitled to the office of Law Director of Highland Heights for the 1992–1993 term. The term expired on December 31, 1993, and the case should be dismissed as moot. This court can grant no relief in quo warranto: a ruling in Paluf's favor would only grant him a position he already has. A ruling in Feneli's favor could not reinstall him as law director; the mayor and city council have already properly selected a law director for 1994. Deciding whether Feneli should have been law director for the rest of the 1992–1993 term would be merely trying an abstract title to office. That would be more in the nature of a declaratory judgment, which this court does not have jurisdiction to render. *State ex rel. Coyne v. Todia* (1989), 45 Ohio St.3d 232, 543 N.E.2d 1271; *State ex rel. Neer v. Indus. Comm.* (1978), 53 Ohio St.2d 22, 7 O.O.3d 64, 371 N.E.2d 842.

 The mootness of the mandamus claim is, if possible, even more obvious than the mootness of the quo warranto claim. Ordering the city council to vote on whether Paluf should be law director for the 1992–1993 term would now be meaningless. The 1992–1993 term has already ended and the named respondents in the mandamus action are no longer council members. Cf. *Webster.*

It has long been established that the duty of a judicial tribunal "is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *State ex rel. Eliza Jennings, Inc. v. Noble* (1990), 49 Ohio St.3d 71, 74, 551 N.E.2d 128, 131. Given the expiration of the 1992–1993 term for Highland Heights Law Director, resolving the remaining issues in the present case would violate the above-stated principle. Cf. *State v. Bistricky* (1990), 66 Ohio App.3d 395, 584 N.E.2d 75, in which this court on remand from the Supreme Court of Ohio declined to review any matters of substantive law because the matter had become moot. Accordingly, this court now dismisses this quo warranto action for mootness. Relators to pay costs.

*Judgment accordingly.*

SPELLACY, P.J., and KRUPANSKY, J., concur.