On July 22, 1998, the relator, Gerald O. Strothers, Jr., commenced this mandamus action against the respondents, Angela Colon, Val Spahn and the Director of the Cuyahoga County Department of Children and Family Services, to compel them to allow him, at the invitation of the relevant parent, to attend case reviews and/or staffings. On August 20, 1998, the respondents filed an answer; attached to which were the September 1, 1996 Cuyahoga County Department of Children and Family Services Policy Statement on Case Review Staffing and the December 19, 1996 addendum to the policy. On August 25, 1998, Mr. Strothers moved for summary judgment. The respondents never filed a response. For the following reasons this court denies the motion for summary judgment and sua sponte dismisses the writ action.
 FACTUAL BACKGROUND
As gleaned from the Department's internal policy statement, case review staffings are the means by which the Department endeavors to make the best possible decisions on the issues of placement, custody and permanency for a child, based on the best interests of the child. A staffing or review must occur when the risk to a child has reached the level that it warrants a significant change in the child's plan, e.g., the need for the Department to take emergency custody of a child, or to place the child in the home of a relative, foster home or psychiatric hospital. Before each staffing the social worker must meet with his or her supervisor and develop an initial plan to present at the staffing.
The staffing is designed to encourage a broad range of participation and input. It should involve the family, their support system, and other professionals involved with the family to reach a consensus plan for the best interest of the child. Indeed, paragraph (A)(3) of the statement provides: "The required participants who shall be invited to attend by the Social Worker are: the biological family, the Foster Parents, the Guardian Ad Litem, the Resource Manager, the provider agency staff, and anyone else who knows the family well." During the staffing all participants are encouraged to speak, and all opinions should be heard and considered. However, it is still the Department's overriding duty to safe guard the child. If the plan developed during the staffing violates Department policy or leaves the child at serious risk, the Department staff may appeal the decision to the Department's Deputy Director. Only the Department staff may appeal.
As admitted in his various filings, Mr. Strothers is not an attorney, but he tries to assist parents who, in his words, are caught in the Department's red tape. He alleges that Janine Robinson's four children are currently being held in the Department's system. Janine Robinson asked Mr. Strothers to accompany her to a case review on July 10, 1998. When they arrived, Angela Colon and Val Spahn told Mr. Strothers that he could not attend the meeting because attorneys are not permitted to attend staffings.[1] When Mr. Strothers replied that he was not an attorney, the Department employees still refused him admittance, because he was just like an attorney. Mr. Strothers then commenced this mandamus action to compel the respondents to admit him to any and all future reviews upon the invitation of the relevant parent.
 DISCUSSION OF LAW
Mr. Strothers claims that pursuant to the "including, but not limited to" language in R.C. 2151.416(B) and O.A.C.5101:2-5-34(E)(2) the Department had no right to exclude him from the staffing. R.C. 2151.416(B) provides: "Each administrative review required by division (A) of this section shall be conducted by a review panel of at least three persons, including, but not limited to, both of the following: (1) A caseworker with day-to-day responsibility for, or familiarity with, the management of the child's case plan; (2) A person who is not responsible for the management of the child's case plan or for the delivery of services to the child or the parents, guardian, or custodian of the child."
O.A.C. 5101:2-5-34(E)(2) provides: "The administrative review shall include, but not be limited to, a joint meeting by the review panel with the child's parent, guardian, or custodian and the child's substitute caregiver. All persons shall be given the opportunity to submit any written materials to be included in the child's case record. If a parent, guardian, custodian or substitute caregiver declines to participate in the administrative review after being contacted, the PCPA or PNA does not have to include them in the joint meeting."
Mr. Strothers argues that these two provisions do not give the Department the discretion to exclude anyone who has information on the child or the child's situation from the reviews. Because the two provisions do not limit who may attend, Mr. Strothers infers that anyone has the right to attend reviews and that the Department may not exclude concerned citizens such as himself.
Mr. Strothers also attacks the policy addendum banning lawyers from the staffings. He notes that the addendum is inconsistent with paragraph (A) under the heading "Procedure" which states that the staffings should involve "the family, their support system and other professionals involved with the family." He further criticizes this policy because it prevents a parent's lawyer from having necessary information and because it deprives a parent of due process. However, Mr. Strothers notes that the addendum cannot be used as an excuse to keep him from the staffings, because he is not an attorney.
Finally, Mr. Strothers arguably invokes the September 1, 1998 policy statement as authority for granting him the right to attend staffings. His citing of the statement in his motion for summary judgment and contrasting the broad policy goals with the addendum banning attorneys raises the issue whether the policy itself grants or recognizes the right of a "concerned citizen" to attend staffings.
Although Mr. Strothers forcefully presents these arguments, they are unpersuasive to issue the extraordinary writ of mandamus, because of the writ's specific elements and narrow boundaries. The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. State ex rel. Hodges v. Taft (1992), 64 Ohio St.3d 1, 591 N.E.2d 1186 and State ex rel. Ney v. Niehaus
(1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Moreover, a "court in a mandamus proceeding cannot create the legal duty the relator would enforce through it; creation of the duty is the distinct function of the legislative branch of government."Hodges, 64 Ohio St.3d at 3; Davis v. The State ex rel. Pecsok
(1936), 130 Ohio St. 411, 200 N.E. 181, paragraph one of the syllabus; State ex rel. Governor v. Taft (1994), 71 Ohio St.3d 1, 640 N.E.2d 1136. Mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. In State ex rel. Karmasu v. Tate (1992), 83 Ohio App.3d 199,205, 614 N.E.2d 827, the court stated that "[t]he duty to be enforced by a writ of mandamus must be specific, definite,clear and unequivocal." (Emphasis in the original.) Mandamus should not issue in doubtful cases. State ex rel. Taylor v.Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel.Shafer v. Ohio Turnpike Commission (1953), 159 Ohio St. 581,113 N.E.2d 14; State ex rel. Connole v. Cleveland Board ofEducation (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and Stateex rel. Dayton-Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308.
Mr. Strothers' reliance on the "including, but not limited to" language in the statute and regulation is misplaced. Such language is permissive in nature. The legislative scheme first requires that certain individuals must be present, then other people may come in. It allows the administrative agency the latitude to bring other people into the meeting. Such language does not require the administrative agency to allow any or all other persons to attend the reviews or staffings. "Mandamus cannot be used to compel the performance of a permissive act."Hodges, 64 Ohio St. at 3.
Similarly, the language does not create or recognize the right of any or all persons to attend the meetings. Mr. Strothers' interpretation would mean that any grandparent, brother, sister, half-sibling, aunt, uncle, niece, nephew, cousin, in-law, distant relative, neighbor, baby-sitter, teacher, friend of the family, or special interest advocate could attend the reviews or staffings. Such massive attendance would change the nature of the proceeding and make it unwieldy. The administrative agency must have control over its own procedure.
Designing a scheme with the flexibility to allow any one to attend as may be appropriate is not the same as designing a scheme that must allow anyone to attend. The permissive flexibility to allow some one to attend also grants the flexibility to exclude people. Thus, the inherent flexibility in the statute and regulation precludes the finding of a clear, legal right or clear, legal duty enforceable in mandamus that any given individual must be allowed to attend. To create such a scheme would require very different language, such as "the child's parent may be accompanied by anyone of his or her choice." The statute and regulation are silent on the parent's right to bring some one to the reviews.
Accordingly, this court rules that the "including, but not limited to" language in R.C. 2151.416(B) and O.A.C. 5101:2-5-34
(E)(2) creates neither a clear legal right enforceable in mandamus for anyone, other than the specified individuals, to attend the reviews, nor a clear legal duty by the Department enforceable in mandamus to allow anyone upon the invitation of the parent to attend the reviews.
Because Mr. Strothers is not a lawyer, the issues of whether a parent's lawyer may be excluded from a review or staffing, whether such exclusion deprives a parent of due process or other constitutional right, and whether the parent's right to have an attorney at the review or staffing, if it exists, is enforceable in mandamus, are not properly before the court. This court explicitly declines to consider those issues. A court should not issue advisory opinions and should not resolve constitutional questions unless absolutely necessary. Miner v.Witt (1910), 82 Ohio St. 237, 92 N.E. 21; State ex rel. Palufv. Feneli (1995), 100 Ohio App.3d 461, 654 N.E.2d 360 andMarich v. Knox County Department of Human Services (1989),45 Ohio St.3d 163, 543 N.E.2d 776.
The final argument is that the Department's September 1, 1996 Policy Statement on Case Review Staffings, itself, creates the right and duty to have anyone who knows the family well be present at the staffings. The court seriously doubts whether an internal policy statement of a local administrative agency has the requisite authority to create such rights and duties. The Supreme Court of Ohio has repeatedly held that the creation of duties enforceable in mandamus is the distinct function of the legislative branch of government. Davis, Governor and Hodges. A statute applies to everyone throughout the state. An internal policy memorandum applies only to a small locale and only to the local administrative agency. Its obvious intent is to provide guidance and standard procedures for the agency's employees. It is a significant leap of logic to find that such a document necessarily creates legal rights in those who come in contact with the agency. Mandamus will not lie where the legal duty upon the respondent is based merely on estoppel.State ex rel. Hartlaub v. Morgan (1989), 57 Ohio App.3d 113,566 N.E.2d 693. Cf. State ex rel. Sneary v. Miller (1993),86 Ohio App.3d 684, 687-688, 621 N.E.2d 785: "mandamus rest upon the legal right of the relator, on the one hand, and the legal obligation and duties of respondent, on the other, and cannot be predicated solely upon the equitable rights and obligations existing between the parties." Construing the policy statement so as to create a right and duty to allow anyone to attend staffings would be closer to ruling that the Department is estopped by its own language rather than finding a right and duty established by the legislative branch of government.
Moreover, not all rules and laws create rights enforceable in mandamus. For example, in State ex rel. Richard v. Calabrese
(1993), 66 Ohio St.3d 193, 610 N.E.2d 1002 and State ex rel.Rodgers v. Cuyahoga County Court of Common Pleas (1992),83 Ohio App.3d 684, 615 N.E.2d 689, the courts held that Common Pleas Superintendence Rule 6, which provides that motions must be ruled on within 120 days, created no rights in litigants. InRodgers this court reasoned that allowing litigants to rigidly enforce the rule would risk depriving litigants of due process, inviting gamesmanship and frustrating the policy of deciding cases on their merits. So too in the present case allowing any "concerned citizen" to come into the staffings would risk creating chaos and counterproductive results in admittedly difficult situations.
Therefore, this court doubts whether the internal policy memorandum itself creates a clear legal right and clear legal duty to allow anyone to attend staffings upon the invitation of a parent. Because mandamus does not issue in doubtful situations, the court declines to issue the writ of mandamus as requested. Accordingly, Mr. Strothers' motion for summary judgment nt is denied and the case is dismissed. Costs assessed against relator.
JAMES D. SWEENEY, J.
ANNE L. KILBANE, J., CONCUR.
 _______________________________ PRESIDING JUDGE JOHN T. PATTON
[1] The December 19, 1996 addendum to the Case Review Staffing Policy provides in pertinent part: "Attorneys, with the exception of GALs, will not be permitted to attend staffings; however, for purposes of training and orientation, DCFS attorneys may occasionally sit in on a staffing as anon-participating observer." (Emphasis in the original.)