The STATE ex rel. BURRINGTON

v.

McFAUL, Sheriff, et al.

[Cite as *State ex rel. Burrington v. McFaul* (2001), 143 Ohio App.3d 535.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 79284.

Decided May 18, 2001.

*Courtland Burrington, pro se.*

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Steven W. Ritz,* Assistant Prosecuting Attorney, for respondents.

JAMES J. SWEENEY, Judge.

On March 2, 2001, the relator, Courtland Burrington, commenced this mandamus action against the respondents, Sheriff Gerald T. McFaul, Warden Michael Pavicic, Director Robert Pace, and Associate Warden Alford Wilcox, to compel them to grant him meaningful access to the Cuyahoga County Corrections Center ("the jail") law library so that he might do legal research and to grant him access

to a notary public. He averred that while he was in the jail the respondents prohibited meaningful access to the law library and also to a notary public. At the end of his memorandum in support, Burrington listed his address as the Lorain Correctional Institute in Grafton, Ohio.

On March 14, 2001, the Cuyahoga County Prosecuting Attorney, on behalf of the respondents, moved to dismiss on the grounds of mootness.[1] His listing of his address as the Lorain Correctional Institute establishes that he is no longer in the jail and that granting any relief would be moot. On April 18, 2001, Burrington filed a brief in opposition to the respondents' motion to dismiss. He argued that the matter is not moot, because, but for the denial of access to the law library, "the outcome of my criminal conviction might had [sic] been different." For the following reasons, this court grants the motion to dismiss.

The matter is moot. Burrington concedes that he is no longer in the jail. Thus, granting relief and ordering access to the jail's law library and its notary public will not result in Burrington's being able to use them. It has long been established that the duty of a judicial tribunal "is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *State ex rel. Eliza Jennings, Inc. v. Noble* (1990), 49 Ohio St.3d 71, 74, 551 N.E.2d 128, 131, and *State ex rel. Paluf v. Feneli* (1995), 100 Ohio App.3d 461, 466, 654 N.E.2d 360, 363. Burrington's argument that the matter is not moot because the research he could have done at the jail's law library might have made a difference in his criminal trial is irrelevant and meritless. His criminal case is not before this court in this mandamus action, and the argument is based on pure speculation. Even if research at the jail would have resulted in a different outcome, granting relief in mandamus will not change the conviction. Rather, appeal or some other post-conviction relief in the criminal case is the appropriate remedy.

Accordingly, this court grants the motion to dismiss and dismisses this writ case. Costs assessed against the relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

*Motion granted*
*and cause dismissed.*

TIMOTHY E. McMONAGLE, P.J., and ANN DYKE, J., concur.

---

1. Although the motion to dismiss lists only the sheriff as being represented by the prosecutor, the arguments apply to all the respondents. Cf. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 540 N.E.2d 266.