OPINION
Proposed-intervenors/defendants-appellants, Gregory Tazic, Kathy Tazic and Susan Lally ("appellants") appeal a decision of the Butler County Court of Common Pleas denying their motion to intervene in a declaratory judgment action filed by Liberty Township against defendant-appellee, Woodland View, Inc. ("Woodland View").
Woodland View owns undeveloped property in Liberty Township, Ohio. On November 15, 1991, the property was subject to Butler County zoning. On that date, a consent decree was issued wherein the county and the former owner of the property agreed that the property could be used for multi-family housing subject to certain conditions. On November 23, 1992, Liberty Township adopted its own zoning resolution and the property at issue was designated as residential planned unit development.
When preparations for construction on the property began, the township filed a complaint for declaratory judgment on October 25, 2000, asking the trial court to determine that the township was not subject to the prior consent decree and that the current zoning of the property was enforceable. On December 19, 2000, appellants filed a motion to intervene in the action. Appellants are owners and occupiers of adjacent or nearby single-family homes who do not want the property to be used for multi-family housing. The trial court denied appellants' motion to intervene on January 26, 2001.
Appellants now appeal from the trial court's decision to deny their motion to intervene and raise the following four assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS IN CONCLUDING THAT SURROUNDING PROPERTY OWNERS DO NOT HAVE A LEGAL INTEREST IN THE OUTCOME OF A DECLARATORY JUDGMENT ACTION CHALLENGING THE ZONING APPLIED TO A SPECIFIC PIECE OF PROPERTY.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS IN CONCLUDING THAT THEIR INTERESTS ARE ADEQUATELY REPRESENTED BY LIBERTY TOWNSHIP.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY CONCLUDING THAT THEIR CONCERNS CAN BE ADDRESSED IF THEY APPEAR AS WITNESSES AND DO NOT NEED TO APPEAR AS PARTIES.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS IN DENYING PERMISSIVE INTERVENTION PURSUANT TO CIV.R. 24(B)(2).
Appellants' assignments of error challenge the trial court's decision to deny their request to intervene in this action. Appellants argue that they should have been allowed to intervene under either Civ.R. 24(A), intervention as of right, or under Civ.R. 24(B), permissive intervention. The decision to grant or deny a motion to intervene under either rule is a matter within the sound discretion of the trial court and the decision cannot be reversed on appeal absent an abuse of discretion. Clarke v. Warren County Commissioners (Sept. 28, 2000), Warren App. No. CA2000-01-009, unreported. An abuse of discretion connotes more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
Appellants' first three assignments of error relate to the trial court's decision to deny intervention of right pursuant to Civ.R. 24(A)(2). This rule sets forth three conditions that must be met in order for a party to intervene as of right. First, the intervenor must claim an interest relating to the property or transaction that is the subject of the action. Second, the intervenor must be so situated that the disposition of the action may, as a practical matter, impair or impede the intervenor's ability to protect his interest. Third, the intervenor must show that his interest is not adequately represented by the existing parties. Fairview Gen. Hosp. v. Fletcher (1990),69 Ohio App.3d 827, 831. Failure of the party seeking to intervene to satisfy each requirement of Civ.R. 24(A)(2) will result in denial of the right to intervene. Id.
Appellants first argue that the trial court erred by finding that they do not have a legal interest in the outcome of the action. They contend that they have a legal interest in the outcome of a declaratory judgment action challenging the zoning applied to the parcel of neighboring property.
We begin by noting that courts have often found that neighboring property owners have an interest when there is an appeal to the trial court of a zoning board's decision on a landowner's request to use property in a manner inconsistent with the zoning. See Peterman v.Pataskala (1997), 122 Ohio App.3d 758; State ex rel. Sneary v. Miller
(1993), 86 Ohio App.3d 684; American Sand Gravel, Inc. v. Theken
(1987), 41 Ohio App.3d 98.
However, this case does not involve adjoining landowners objecting to a board's decision regarding the use or rezoning of property. Instead, it is a declaratory action by a township seeking to determine which zoning legally applies to the property. The Ohio Supreme Court has held that "surrounding property owners may have a practical interest in the outcome of a declaratory judgment action attacking the constitutionality of zoning as it applies to a specific parcel of property, but they have no legal interest in the outcome. Therefore, they are not necessary parties-defendant to such an action." Driscoll v. Austintown Assoc. (1975), 42 Ohio St.2d 263, 273.
We find the reasoning of the case above applies to the declaratory action in the case before us. The issue in the case at bar is whether the consent decree or the Liberty Township Zoning Resolution applies, not whether the township should change the zoning with respect to a particular piece of property. The trial court must determine which zoning legally applies to the property, not which zoning is best for the property. Thus, we find that the trial court's decision that appellants do not have a legal interest in the property is not unreasonable, arbitrary, or unconscionable. Appellant's first assignment of error is overruled.
In their second assignment of error, appellants contend that the trial court erred by concluding that their interests are adequately protected by Liberty Township. A party requesting to intervene in an action must produce something more than speculation as to the inadequacy of representation by existing parties. Clarke v. Warren CountyCommissioners (Sept. 28, 2000), Warren App. No. CA2000-01-009, unreported. "Where the party seeking to intervene has the same ultimate goal as a party already in the suit, courts have applied a presumption of adequate representation, and to overcome that presumption, applicants ordinarily must demonstrate adversity of interest, collusion or nonfeasance." Id. quoting Nationwide Mut. Ins. Co. v. Clow (Sept. 30, 1992), Hamilton App. No. C-910511, 1992 Ohio App. Lexis 4957, at *6, unreported.
Appellants argue that the township is asking the trial court to determine which regulations apply and is not advocating either position. However, the township's request for declaratory judgment states otherwise. The complaint asks the trial court to declare the validity of the township's zoning resolution to the property and "requests this Court to declare the validity of the rezoning of the Defendant's Property by Liberty Township in November, 1992 * * *." We also again note that the question before the trial court is a narrow legal question, namely, whether the consent decree or township zoning applies, not what zoning is proper for the health, safety or general welfare of the surrounding property owners. Thus, Liberty Township has the same ultimate goal as do appellants, since both parties seek a determination that the township's zoning law applies. Appellant's second assignment of error is overruled.
In their third assignment of error, appellants argue that the trial court erred by stating that their concerns could be addressed if they appeared as witnesses. As we have already determined above that appellants do not meet two of the three requirements for intervention, the issue of the propriety of the trial court's statement, which was apparently made as dicta in its opinion, is moot. Appellant's third assignment of error is overruled.
In their fourth assignment of error, appellants contend that the trial court abused its discretion by denying intervention pursuant to Civ.R. 24(B). This rule provides that "[u]pon timely application anyone may be permitted to intervene in an action * * * when an applicant's claim or defense and the main action have a question of law or fact in common."
As mentioned above, the legal issue before the trial court in this action is very narrow and appellants' interests are already adequately protected by Liberty Township. Under these facts, the trial court's decision to deny permissive intervention was not an abuse of discretion. Appellants' fourth assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.