THE STATE EX REL. VARNAU, APPELLANT, *v.* WENNINGER, APPELLEE.

[Cite as *State ex rel. Varnau v. Wenninger*,

**128 Ohio St.3d 361, 2011-Ohio-759.**]

*Previous administrative determinations of the county board of elections did not preclude quo warranto action — Court of appeals' judgment denying writ reversed.*

(No. 2010-1655 — Submitted February 1, 2011 — Decided February 23, 2011.)

APPEAL from the Court of Appeals for Brown County,

No. CA2009-02-010, 2010-Ohio-3813.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment entered by the court of appeals denying a writ of quo warranto to oust appellee, Dwayne Wenninger, from the office of sheriff of Brown County and to order that appellant, Dennis J. Varnau, be entitled to the office. Because the court of appeals erred in holding that previous administrative determinations of the Brown County Board of Elections precluded the quo warranto action, we reverse the judgment and remand the cause to the court of appeals for further proceedings.

### Facts

{¶ 2} Wenninger has been the Brown County sheriff since January 2001, having won elections in 2000, 2004, and 2008. The board of elections certified that he met the applicable qualifications to be a sheriff's candidate for each of the elections, but it never made a decision on the merits of his qualifications following a protest contesting his candidacy.

{¶ 3} In 2004, Sandra Martin protested Wenninger's candidacy for sheriff, but she withdrew the protest.

**{¶ 4}** In 2008, Varnau, an independent candidate for sheriff, filed a protest against Wenninger's candidacy for sheriff. The board of elections denied the protest because, among other reasons, it was not "filed by a member of the appropriate party."

**{¶ 5}** Varnau then sought a writ of mandamus to compel the board of elections to accept as valid the protest he filed against Wenninger's candidacy. The Brown County Court of Common Pleas dismissed the mandamus action because, among other reasons, "the extraordinary remedy of mandamus is not appropriate in that there is a legal remedy at law through a quo warranto action" and Varnau's protest was not "filed by a 'qualified elector who is a member of the same political party as the candidate and who is eligible to vote at the primary election for the candidate whose declaration of candidacy the elector objects to,' pursuant to R.C. 3513.05." The court of appeals affirmed the dismissal, finding: "Should Wenninger be elected and take office, [Varnau] has other legal remedies."

**{¶ 6}** In February 2009, following the election victory by Wenninger, Varnau filed a complaint in the court of appeals for a writ of quo warranto to oust Wenninger from the office of sheriff and to place Varnau in that office. Varnau claimed that because he was the only lawful sheriff's candidate at the November 2008 election, he is entitled to the office. Wenninger moved to dismiss the complaint and attached his affidavit to the motion. The court of appeals converted the motion for dismissal to a motion for summary judgment, Varnau moved for summary judgment, and the parties submitted evidence.

**{¶ 7}** On August 16, 2010, the court of appeals granted Wenninger's motion for summary judgment and denied the writ. *State ex rel. Varnau v. Wenninger*, Brown App. No. CA2009-02-010, 2010-Ohio-3813, 2010 WL 3212016.

{¶ 8} This cause is now before the court upon Varnau's appeal as of right.

**Legal Analysis**

{¶ 9} " '[Q]uo warranto is the exclusive remedy by which one's right to hold a public office may be litigated.' " *State ex rel. Deiter v. McGuire*, 119 Ohio St.3d 384, 2008-Ohio-4536, 894 N.E.2d 680, ¶ 20, quoting *State ex rel. Battin v. Bush* (1988), 40 Ohio St.3d 236, 238-239, 533 N.E.2d 301. "For a writ of quo warranto to issue, 'a relator must establish (1) that the office is being unlawfully held and exercised by respondent, and (2) that relator is entitled to the office.' " *State ex rel. Newell v. Jackson*, 118 Ohio St.3d 138, 2008-Ohio-1965, 886 N.E.2d 846, ¶ 6, quoting *State ex rel. Paluf v. Feneli* (1994), 69 Ohio St.3d 138, 141, 630 N.E.2d 708.

{¶ 10} The court of appeals determined that "*because the Board previously determined [that] Wenninger satisfied the necessary requirements to be elected Brown County Sheriff in 2000, 2004, and 2008 as statutorily required by R.C. 311.01(F)(2)*, we find that, based upon the record before us, there is no genuine issue of material fact, reasonable minds can reach only one conclusion which is adverse to Varnau, and Wenninger is entitled to judgment as a matter of law." (Emphasis added.) *Varnau*, 2010-Ohio-3813, at ¶ 10. In essence, the court of appeals held that the prior administrative certifications by the board were conclusive on the issue whether Wenninger met the applicable sheriff's qualifications and barred Varnau from relitigating the issue.

{¶ 11} "Res judicata, whether claim preclusion or issue preclusion, applies to quasi-judicial administrative proceedings." *State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, 905 N.E.2d 1210, ¶ 29; *State ex rel. Tremmel v. Erie Cty. Bd. of Elections*, 123 Ohio St.3d 452, 2009-Ohio-5773, 917 N.E.2d 792, ¶ 16. We have defined quasi-judicial authority as "the power to hear and determine controversies between the

public and individuals that *require* a hearing resembling a judicial trial." (Emphasis added.) *State ex rel. Wright v. Ohio Bur. of Motor Vehicles* (1999), 87 Ohio St.3d 184, 186, 718 N.E.2d 908.

{¶ 12} On three separate occasions, the board of elections certified pursuant to R.C. 311.01(F)(2) that Wenninger's candidacy for sheriff met the qualifications in R.C. 311.01(B) and (C). But this statute did not require the board of elections to conduct a hearing resembling a judicial trial in making its determination, and there is no evidence that it did so. "When no statute or other pertinent law *requires* the board of elections to conduct a hearing resembling a judicial trial, the board does not exercise quasi-judicial authority regardless of whether protests have been filed." (Emphasis sic.) *State ex rel. Wright v. Cuyahoga Cty. Bd. of Elections*, 120 Ohio St.3d 92, 2008-Ohio-5553, 896 N.E.2d 706, ¶ 8; see also *State ex rel. Scherach v. Lorain Cty. Bd. of Elections*, 123 Ohio St.3d 245, 2009-Ohio-5349, 915 N.E.2d 647, ¶ 23 (court denies writ of prohibition to prevent board of elections from placing candidate on general-election ballot, in election to fill unexpired term of city law director who had resigned, because board did not exercise judicial or quasi-judicial authority in certifying name of candidate to ballot).

{¶ 13} Moreover, although a board of elections does exercise quasi-judicial authority in denying protests filed pursuant to statute, see, e.g., *State ex rel. Murray v. Scioto Cty. Bd. of Elections*, 127 Ohio St.3d 280, 2010-Ohio-5846, 939 N.E.2d 157, ¶ 31, and R.C. 3501.39(A)(2), the protest filed against Wenninger in 2004 was withdrawn before the board could exercise its quasi-judicial authority and the protest filed against him in 2008 by Varnau was denied because, among other reasons, Varnau lacked standing under the applicable statute to file the protest due to the fact that he was not a member of the same political party as Wenninger. See *Zukowski v. Brunner*, 125 Ohio St.3d 53, 2010-Ohio-1652, 925 N.E.2d 987, ¶ 9 (Republican Party member lacked standing to

4

protest the candidacies of Democratic Party candidates); R.C. 3513.05 ("Protests against the candidacy of any person filing a declaration of candidacy for party nomination or for election to an office or position, as provided in this section, may be filed by any qualified elector who is a member of the same political party as the candidate * * *"). Consequently, the board also did not exercise quasi-judicial authority for these protests.

{¶ 14} Finally, the court of appeals' reliance on our prior holding that "[b]oards of elections are obligated to weigh evidence of a candidate's qualifications, and courts should not substitute their judgment for that of the board," *State ex rel. Kelly v. Cuyahoga Cty. Bd. of Elections* (1994), 70 Ohio St.3d 413, 414, 639 N.E.2d 78, to support its holding is also misplaced. *Kelly* and the other cases cited by the court of appeals for this proposition were all cases in which the boards of elections conducted quasi-judicial hearings upon properly filed protests. See also *State ex rel. O'Beirne v. Geauga Cty. Bd. of Elections* (1997), 80 Ohio St.3d 176, 685 N.E.2d 502; *State ex rel. Herdman v. Franklin Cty. Bd. of Elections* (1993), 67 Ohio St.3d 593, 621 N.E.2d 1204. That did not happen here.

{¶ 15} Therefore, the court of appeals erred in holding that the board's previous administrative determinations barred Varnau from challenging Wenninger's qualifications to remain sheriff in his quo warranto case. These determinations were not res judicata as to these issues, because the board did not exercise quasi-judicial authority in rendering them.

{¶ 16} Based on the foregoing, we reverse the judgment of the court of appeals denying the writ of quo warranto. Because the court of appeals failed to address the substance of Varnau's claim for extraordinary relief based on its erroneous rationale, a remand of the cause to that court for further proceedings based on the parties' motions and evidence is appropriate. See, e.g., *State ex rel.*

*Sawicki v. Lucas Cty. Court of Common Pleas*, 121 Ohio St.3d 507, 2009-Ohio-1523, 905 N.E.2d 1192, ¶ 32.  We deny appellant's request for oral argument.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Thomas G. Eagle Co., L.P.A., and Thomas G. Eagle, for appellant.

Gary A. Rosenhoffer, L.L.C., and Gary A. Rosenhoffer; and Patrick L. Gregory, for appellee.

_____