[Cite as *State ex rel. Varnau v. Wenninger,* 131 Ohio St.3d 169, 2012-Ohio-224.]

THE STATE EX REL. VARNAU, APPELLANT AND CROSS-APPELLEE, *v.*

WENNINGER, SHERIFF, APPELLEE AND CROSS-APPELLANT.

[Cite as *State ex rel. Varnau v. Wenninger,*

131 Ohio St.3d 169, 2012-Ohio-224.]

*Quo warranto to oust county sheriff—Court of appeals' judgment denying writ and denying attorney fees to sheriff affirmed.*

(No. 2011-1414—Submitted January 18, 2012—Decided January 26, 2012.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Brown County,

No. CA2009-02-010, 2011-Ohio-3904.

_____

**Per Curiam.**

{¶ 1} This is an appeal and cross-appeal from a judgment entered, upon remand, by the court of appeals denying a writ of quo warranto to oust appellee and cross-appellant, Dwayne Wenninger, from the office of sheriff of Brown County and to order that appellant and cross-appellee, Dennis J. Varnau, be entitled to the office. Because the court of appeals did not err in denying the writ or in denying an award of attorney fees to Wenninger, we affirm.

**Facts**

{¶ 2} Wenninger has been the Brown County sheriff since January 2001, having won elections in 2000, 2004, and 2008. The board of elections certified that he had met the applicable qualifications to be a sheriff's candidate for each of the elections.

{¶ 3} In 2004, a protest was lodged against Wenninger's candidacy for sheriff, but it was withdrawn.

{¶ 4} In 2008, Varnau, an independent candidate for sheriff, filed a protest against Wenninger's candidacy for sheriff. The board of elections denied

the protest because, among other reasons, it was not "filed by a member of the appropriate party."

{¶ 5}   Varnau then sought a writ of mandamus to compel the board of elections to accept as valid the protest he had filed against Wenninger's candidacy.  The Brown County Court of Common Pleas dismissed the mandamus action because, among other reasons, "the extraordinary remedy of mandamus is not appropriate in that there is a legal remedy at law through a quo warranto action," and Varnau's protest was not "filed by a 'qualified elector who is a member of the same political party as the candidate and who is eligible to vote at the primary election for the candidate whose declaration of candidacy the elector objects to,' pursuant to R.C. 3513.05."   The court of appeals affirmed the dismissal, finding: "Should Wenninger be elected and take office, [Varnau] has other legal remedies."

{¶ 6}   In February 2009, following the election victory by Wenninger, Varnau filed a complaint in the court of appeals for a writ of quo warranto to oust Wenninger from the office of sheriff and to place Varnau in that office. Varnau claimed that because he was the only lawful sheriff's candidate at the November 2008 election, he is entitled to the office.  Wenninger moved to dismiss the complaint and attached his affidavit to the motion.   The court of appeals converted the motion for dismissal to a motion for summary judgment, Varnau moved for summary judgment, and the parties submitted evidence.

{¶ 7}   On August 16, 2010, the court of appeals granted Wenninger's motion for summary judgment and denied the writ.  *State ex rel. Varnau v. Wenninger,* Brown App. No. CA2009-02-010, 2010-Ohio-3813, 2010 WL 3212016.

{¶ 8}   On appeal, we held that the court of appeals erred in holding that the previous administrative determinations of the board of elections precluded the quo warranto action, and we remanded the cause to the court of appeals for

further proceedings. *State ex rel. Varnau v. Wenninger*, 128 Ohio St.3d 361, 2011-Ohio-759, 944 N.E.2d 663.

{¶ 9} On remand, the court of appeals denied Varnau's motion for summary judgment, granted Wenninger's motion for summary judgment, and denied the writ of quo warranto. The court of appeals taxed the costs of the proceedings to Varnau, but it did not award Wenninger attorney fees as part of the costs.

{¶ 10} This cause is now before the court upon Varnau's appeal and Wenninger's cross-appeal.

## Legal Analysis

### Varnau's Appeal: Quo Warranto

{¶ 11} In his appeal as of right, Varnau asserts that the court of appeals erred in denying the writ of quo warranto.

{¶ 12} "To be entitled to the writ of quo warranto, the relator must establish that the office is being unlawfully held and exercised by respondent and that relator is entitled to the office." *State ex rel. Zeigler v. Zumbar*, 129 Ohio St.3d 240, 2011-Ohio-2939, 951 N.E.2d 405, ¶ 23. Moreover, "[i]f a relator in a *quo warranto* proceeding fails to establish entitlement to the office, judgment may still be rendered on the issue of whether respondent lawfully holds the disputed office." *State ex rel. Myers v. Brown* (2000), 87 Ohio St.3d 545, 547, 721 N.E.2d 1053.

{¶ 13} Varnau asserts that Wenninger is not entitled to the office of sheriff, because when he was elected in 2000 and took office for his first four-year term in January 2001, Wenninger did not meet the supervisory-experience requirement or the postsecondary-education requirement of R.C. 311.01(B)(9), and this deficiency resulted in Wenninger's having a break in service that invalidated his peace-officer certificate of training and led to Wenninger's not

meeting the qualifications for sheriff under R.C. 311.01(B)(8) starting in January 2005.

{¶ 14} We disagree. As the court of appeals correctly concluded, "any challenge to Wenninger's qualifications to run for or hold the office of sheriff for the 2000 and 2004 election terms has been rendered moot as those office terms have already expired," and "Varnau cannot seek to invalidate Wenninger's present term of office based on an alleged prior disqualification from an expired term of office." *State ex rel. Varnau v. Wenninger*, Brown App. No. CA 2009-02-010, 2011-Ohio-3904, at ¶ 38, 44. Wenninger raised defenses of mootness and laches in his motion for summary judgment.

{¶ 15} A quo warranto claim must be timely directed to challenge a current term of office rather than an expired one. See *Zeigler*, 129 Ohio St.3d 240, 2011-Ohio-2939, 951 N.E.2d 405, ¶ 14; *State ex rel. Devine v. Baxter* (1959), 168 Ohio St. 559, 7 O.O.2d 431, 156 N.E.2d 746 (appeal from judgment denying writ of quo warranto to remove members of board of trustees of a cemetery association dismissed as moot when one-year terms to which members were elected had expired, and those members who continued to hold office as trustees did so by authority of their reelection to new terms of office); *State ex rel. Paluf v. Feneli* (1995), 100 Ohio App.3d 461, 654 N.E.2d 360 (appointee's quo warranto claim to the office of city law director was rendered moot by the expiration of the law director's term of office).

{¶ 16} Similarly, in *State ex rel. Newell v. Jackson*, 118 Ohio St.3d 138, 2008-Ohio-1965, 886 N.E.2d 846, ¶ 11, we held that "[t]o be entitled to a writ of quo warranto to oust a good-faith appointee, a relator must take affirmative action by either filing a quo warranto action or an injunction challenging the appointment before the appointee completes the probationary period and becomes a permanent employee." Varnau could have raised his claims by filing an action for quo warranto during Wenninger's first four-year term of office beginning in

January 2001 instead of waiting until Wenninger had already begun his third four-year term of office beginning in January 2009 to raise his belated claim.

{¶ 17} This result comports with our consistent requirement in election-related cases that relators "act with the utmost diligence." *Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382, ¶ 19. "If relators in election cases do not exercise the utmost diligence, laches may bar an action for extraordinary relief." *State ex rel. Craig v. Scioto Cty. Bd. of Elections*, 117 Ohio St.3d 158, 2008-Ohio-706, 882 N.E.2d 435, ¶ 11. We have previously held that extraordinary-writ actions challenging a sheriff candidate's R.C. 311.01(B)(9) qualification may be barred by laches. See *Campaign to Elect Larry Carver Sheriff v. Campaign to Elect Anthony Stankiewicz Sheriff*, 101 Ohio St.3d 256, 2004-Ohio-812, 804 N.E.2d 419; *State ex rel. Landis v. Morrow Cty. Bd. of Elections* (2000), 88 Ohio St.3d 187, 724 N.E.2d 775.

{¶ 18} Although Varnau's status as a nonpartisan may have precluded him from instituting a timely protest against Wenninger's candidacy in the November 2000 sheriff's race, it did not preclude him from instituting a timely quo warranto action after Wenninger took office in January 2001 to oust him from office. Varnau did not do so, and he cannot belatedly raise his claim after the first term has expired and Wenninger has subsequently been elected to second and third four-year terms as sheriff.

{¶ 19} As the court of appeals observed, "[t]he focus must remain on Wenninger's eligibility to run for and hold the office of sheriff for the *present term*, not for the previous terms that have already expired." (Emphasis sic.) *Varnau*, 2011-Ohio-3904, at ¶ 44. For purposes of a quo warranto claim, " '[h]is office' means his present office under his present commission, and not an old expired term in the same office under a former election or appointment. He could not be ousted from such former term of office, because the term has expired, and he is not now in office under that term, and is not now an officer under that term."

*State ex rel. Wilmot v. Buckley* (1899), 60 Ohio St. 273, 299-300, 54 N.E. 272, construing the predecessor to R.C. 2733.35, which sets forth the statute of limitations for bringing quo warranto actions; see also *State ex rel. Fogle v. Carlisle*, 99 Ohio St.3d 46, 2003-Ohio-2460, 788 N.E.2d 1060, ¶ 10 ("Fogle's quo warranto claim is barred by R.C. 2733.35 because he brought his action more than three years after his cause of action arose").

{¶ 20} The cases that Varnau cites are inapposite. For example, in *State ex rel. Huron Cty. Prosecutor v. Westerhold* (1995), 72 Ohio St.3d 392, 650 N.E.2d 463, the quo warranto action was instituted by the prosecuting attorney to challenge the appointment of a person to a veterans service commission only a month and a half after the appointment. And in *Zeigler*, 129 Ohio St.3d 240, 2011-Ohio-2939, 951 N.E.2d 405, ¶ 15, the relator challenged his removal from office before he was removed and filed his quo warranto action only 15 days after his ouster. No comparable prompt action was taken by Varnau to challenge Wenninger's qualifications to be a candidate for sheriff in November 2000 or to thereafter hold office.

{¶ 21} Therefore, Varnau has not established that Sheriff Wenninger lacks the qualifications under R.C. 311.01(B) to hold the office of sheriff for his third four-year term, and the court of appeals properly denied the writ. By so holding, it is unnecessary to address Varnau's remaining contentions contesting the court of appeals' evidentiary rulings, because even if these contentions had merit, he would not be entitled to the requested extraordinary relief in quo warranto.

Cross-Appeal: Attorney Fees

{¶ 22} In his cross-appeal, Wenninger asserts that the court of appeals erred in not awarding him attorney fees when he prevailed on Varnau's quo warranto claim. During the proceedings in the court of appeals, Wenninger requested that Varnau pay his attorney fees as part of the costs of the case.

**{¶ 23}** "Ohio has long adhered to the 'American rule' with respect to recovery of attorney fees: a prevailing party in a civil action may not recover attorney fees as a part of the costs of litigation." *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, ¶ 7. "An exception to this general rule is that attorney fees may be awarded to a prevailing party when a statute specifically authorizes it." *State ex rel. Doe v. Smith*, 123 Ohio St.3d 44, 2009-Ohio-4149, 914 N.E.2d 159, ¶ 18.

**{¶ 24}** Wenninger claims that R.C. 309.13 provides statutory support for awarding him attorney fees in this case. That statute provides for an award of attorney fees as part of costs if a prosecuting attorney failed to institute a civil action for the protection of public funds after a taxpayer made a written request that he do so and the taxpayer, upon securing the costs, brought such an action and prevailed:

**{¶ 25}** "If the prosecuting attorney fails, upon the written request of a taxpayer of the county, to make the application or institute the civil action contemplated in section 309.12 of the Revised Code, the taxpayer may make such application or institute such civil action in the name of the state, or, in any case wherein the prosecuting attorney is authorized to make such application, such taxpayer may bring any suit or institute any such proceedings against any county officer or person who holds or has held a county office, for misconduct in office or neglect of his duty, to recover money illegally drawn or illegally withheld from the county treasury, and to recover damages resulting from the execution of such illegal contract.

**{¶ 26}** "If such prosecuting attorney fails upon the written request of a taxpayer of the county, to bring such suit or institute such proceedings, or if for any reason the prosecuting attorney cannot bring such action, or if he has received and unlawfully withheld moneys belonging to the county, or has received or drawn public moneys out of the county treasury which he is not lawfully entitled

to demand and receive, a taxpayer, upon securing the costs, may bring such suit or institute such proceedings, in the name of the state. Such action shall be for the benefit of the county, as if brought by the prosecuting attorney.

{¶ 27} "If the court hearing such case is satisfied that such taxpayer is entitled to the relief prayed for in his petition, and judgment is ordered in his favor, he shall be allowed his costs, including a reasonable compensation to his attorney."

{¶ 28} Wenninger is not entitled to an award of attorney fees under R.C. 309.13, because he never demanded that the prosecuting attorney institute a civil action to protect public funds pursuant to R.C. 309.12, and he never instituted any such action. In fact, Wenninger did not institute any action at all. He simply responded to the quo warranto suit instituted by Varnau.

{¶ 29} Therefore, the court of appeals did not err in not awarding him attorney fees.

**Conclusion**

{¶ 30} Based on the foregoing, the court of appeals did not err in denying the writ of quo warranto and in not including Wenninger's attorney fees as part of the costs of the case that Varnau was ordered to pay. Therefore, we affirm the judgment of the court of appeals. We also deny Varnau's motion for oral argument because he specifies no reasons for it, and the parties' briefs are sufficient to resolve this appeal. See *State ex rel. Lorain v. Stewart*, 119 Ohio St.3d 222, 2008-Ohio-4062, 893 N.E.2d 184, ¶ 18-19.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Thomas G. Eagle Co., L.P.A., and Thomas G. Eagle, for appellant and cross-appellee.

Gary A. Rosenhoffer, L.L.C., and Gary A. Rosenhoffer; and Patrick L. Gregory, for appellee and cross-appellant.

_____