[Cite as *Daniel v. Williams*, 2014-Ohio-273.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Charles E. Daniel, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 13AP-155 |
| | | (C.P.C. No. 11CV-943) |
| Paul E. Williams/Paul The Gutterman, | : | |
| Defendant-Appellee, | : | (REGULAR CALENDAR) |
| Stephen Buehrer, Administrator, Ohio Bureau of Workers' Compensation, | : | |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

---

D E C I S I O N

Rendered on January 28, 2014

---

*Thompson, Meier & Dersom*, and *Thomas D. Thompson*, for appellee Charles E. Daniel.

*Michael DeWine*, Attorney General, and *Kevin J. Reis*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} Defendant-appellant, Stephen Buehrer, Administrator of the Ohio Bureau of Workers' Compensation ("BWC"), appeals from the judgment of the Franklin County Court of Common Pleas that, in effect, granted summary judgment in favor of plaintiff-appellee, Charles E. Daniel ("Daniel"), on the issue of res judicata and remanded the matter to BWC for a trial on the merits. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}   This is the second time the parties have appeared before this court in Daniel's effort to obtain workers' compensation benefits for an incident that occurred on August 11, 2008.  We incorporate the statement of facts and prior procedural history detailed in our first decision, *Daniel v. Williams*, 10th Dist. No. 10AP-797, 2011-Ohio-1941, ¶ 2-6, as follows:

> This matter arises out of an incident that occurred on August 11, 2008, at which time [Daniel] was employed as a laborer by [Paul D. Williams, d.b.a. Paul The Gutterman].[1] On this date, [Daniel] was working on a roof in an apartment complex near Hayden Run Road in Franklin County, Ohio. Though there are conflicting versions as to what occurred that day, it is undisputed that while at the worksite, [Daniel] was struck in the throat during an altercation and transferred to the hospital. Surgery was performed, and [Daniel] remained in the hospital until August 22, 2008.
>
> An application for workers' compensation benefits was filed with the BWC on August 12, 2008, asserting that while working within the course and scope of his employment [Daniel] was assaulted by two teenagers and struck in the throat by brass knuckles. The claim was denied based on a finding that [Daniel's] injuries were not related to his employment because it was found that [Daniel] removed himself from the course of his employment and became involved in an altercation unrelated to the same. The administrator's order indicates it was premised on August 11, 2008 medical reports from Riverside Methodist Hospital, a police report from the city of Columbus, and a statement from the mother of the teenagers involved in the incident. The order, which denotes it was mailed to [Daniel] on August 28, 2008, stated that if [Daniel] disagreed with the decision, he could file an appeal within 14 days of receipt of the order.
>
> According to [Daniel], though discharged from the hospital on August 22, 2008, his injuries prevented him from opening and reviewing his mail until September 19, 2008, at which time he first became aware that an application seeking workers' compensation benefits on his behalf had been filed

---

[1] Although Williams is a defendant in the action at issue in the present appeal, he has not filed an appearance, brief or otherwise participated in this appeal.

and denied. After obtaining counsel, [Daniel] filed an appeal of the order denying benefits on September 30, 2008. A district hearing officer ("DHO") heard the matter on April 6, 2009, and found the appeal was untimely for not having been filed within 14 days of [Daniel's] receipt of the administrator's order.

[Daniel] sought further review, and a staff hearing officer ("SHO"), agreeing that [Daniel's] appeal was untimely, mailed a decision on May 16, 2009 affirming the DHO. The SHO also found that [Daniel] was not entitled to relief under R.C. 4123.522 because relief under that statute is only available to an injured worker who fails to receive notice by no fault or neglect of the injured worker. The Industrial Commission of Ohio refused further appeals.

On August 21, 2009, [Daniel] filed a complaint in the Franklin County Court of Common Pleas, pursuant to R.C. 4123.512, challenging the BWC's order. On September 23, 2009, the BWC filed its answer and asserted affirmative defenses including (1) [Daniel's] failure to exhaust administrative remedies and (2) lack of subject matter jurisdiction. The BWC filed a motion to dismiss or, alternatively, for summary judgment on the basis that the trial court lacked jurisdiction for [Daniel's] failure to timely appeal from one of the administrative orders and failure to exhaust his administrative remedies. [Daniel] filed a memorandum contra with attachments, as well as a supplement to his memorandum contra. The trial court rendered a decision on July 26, 2010, finding that because [Daniel's] appeal to the DHO was untimely, [Daniel] failed to exhaust his administrative remedies. Accordingly, the trial court determined that jurisdiction was lacking and dismissed [Daniel's] complaint. An entry reflecting the same was filed on August 17, 2010.

{¶ 3} In *Daniel*, we affirmed the trial court's judgment, which we interpreted as a decision granting BWC's motion to dismiss. *Id.* at ¶ 8, 45. We explained a party seeking court action in an administrative matter must exhaust administrative remedies before invoking the jurisdiction of the common pleas court. *Id.* at ¶ 15-16. Specifically, if BWC's administrator determines a claimant is not entitled to an award of compensation, "the claimant may appeal the order 'within fourteen days after the date of the receipt of the order.' " *Id.* at ¶ 17, quoting R.C. 4123.511(B)(1). If a timely appeal is filed, the matter is

reviewed by a district hearing officer ("DHO"). *Id.* Further review can be sought from a staff hearing officer ("SHO"), then the Industrial Commission of Ohio ("commission"), then the appropriate court of common pleas. *Id.* Furthermore, under R.C. 4123.522, there is a rebuttable presumption that once written notice of the administrator's order is mailed, it is received in due course. *Id.* at ¶ 21.

{¶ 4} We found Daniel received the administrator's order on or about September 1, 2008 and "thus had 14 days from that date in which to file an appeal." *Id.* at ¶ 38. He did not appeal until September 30, 2008, i.e., after the 14-day deadline. *Id.* at ¶ 4. Therefore, Daniel failed to exhaust administrative remedies, and we agreed the trial court lacked jurisdiction over the matter. *See id.* at ¶ 38, 44. Among other things, we rejected Daniel's argument that a claimant does not receive an order for purposes of R.C. 4123.511(B)(1) until the claimant is physically capable of opening, reading, and understanding the order. *Id.* at ¶ 33, 38. We also rejected Daniel's contention that the court erred in dismissing the case because he was not a party to the administrator's order. *Id.* at ¶ 23, 24. Daniel argued he did not file the workers' compensation claim and did not know about it until he read the order denying benefits on September 19, 2008. *Id.* at ¶ 23. We agreed with the trial court that the identity of the person who filed the claim did not alter the court's jurisdiction, which is dependent on a timely appeal from the underlying administrative decision. *Id.* Daniel also attempted to make a res judicata argument based on our decision in *Green v. Conrad*, 10th Dist. No. 96APE12-1780 (Aug. 21, 1997). *Id.* at ¶ 30. We found res judicata was not implicated; our review was limited to whether Daniel properly invoked the trial court's jurisdiction. *Id.* at ¶ 32.

{¶ 5} On August 10, 2010, Daniel filed a second workers' compensation claim with BWC regarding the August 2008 incident.[2] The DHO rejected Daniel's argument that our decision in *Greene* permitted the second claim. The DHO found BWC previously denied Daniel's claim on the merits in August 2008, and Daniel's failure to timely appeal

---

[2] The trial court found Daniel filed a second claim on August 10, 2010, and BWC and the commission administratively denied this claim at all levels. Neither party challenges these findings. However, we note a copy of the second claim does not appear in the record, and it appears BWC used the same claim number for the first and second claims. Additionally, the DHO's decision mailed September 22, 2010 suggests the administrator issued an order regarding the second claim August 10, 2010 (the same day Daniel filed the claim). The same day, Daniel evidently filed a C-86 motion challenging the administrator's order. The record also does not contain a copy of these documents.

that order deprived the commission of jurisdiction to "revisit the question of allowance of this claim." (R. 3, Notice of Appeal, attachment No. 5.) The SHO affirmed, finding the commission lacked jurisdiction based on res judicata.

{¶ 6} On January 20, 2011, Daniel filed a notice of appeal and complaint in the common pleas court, pursuant to R.C. 4123.52, challenging the denial of his second claim. BWC filed a motion to dismiss or, in the alternative, a motion for summary judgment, and made arguments about the trial court's jurisdiction and res judicata. In response, Daniel argued res judicata did not apply because he lacked a full and fair opportunity to litigate the first claim and was not a party to or in privity with a party to that claim.

{¶ 7} In denying BWC's motion, the trial court found "[t]here is no dispute between the parties that the identity of the party that filed [Daniel's] first claim is unknown." (R. 63-67, January 29, 2013 Decision and Entry, 5.) The trial court further found:

> For all intents and purposes, due to [Daniel's] lack of knowledge of the filing of the claim, his first claim was denied before [he] could present any documentation or witnesses on his own behalf. By the time [Daniel] opened the BWC's letter denying his claim, which he had no reason to be on the lookout for[,] his fourteen day period to appeal the order had passed. In order for [Daniel's] first claim to have been adjudicated on the merits, [Daniel] must have been given an opportunity to present evidence in his favor. At the very least, [Daniel] must have been aware that the claim was actually filed. Neither of these things occurred in the present case. Since this is so, the Court must find that the resolution of [Daniel's] first claim before the BWC was not an adjudication on the merits. [Daniel's] second claim before the BWC is not barred by the doctrine of *res judicata*.
>
> At first glance, this decision may seem to contradict this Court's previous decision dismissing [Daniel's] first appeal. It is important, however, to note that the decision in that case was arrived at on procedural and statutory grounds. The decision was narrowly guided by R.C. 4123.511, which directed [Daniel] to exhaust all administrative remedies before appealing the BWC's order. [Daniel] failed to exhaust his administrative remedies in regards to his first claim. As to [Daniel's] second claim, he filed this appeal after exhausting

> all administrative remedies.  This Court's decisions as to both of [Daniel's] claims are not in conflict.
>
> In summation, * * * [t]he BWC's decision denying [Daniel's] first claim for benefits * * * was not an adjudication on the merits.  As such, pursuant to the Greene case, the doctrine of *res judicata* does not act to bar [Daniel's] second claim[.] * * * Plaintiff is entitled to a *de novo* review of his second claim for benefits.

(Decision and Entry, 5-6.)

{¶ 8}   The trial court remanded the matter to BWC "for proceedings in line with" the court's decision.  (Decision and Entry, 6.)  In effect, the trial court granted Daniel summary judgment on the issue of res judicata and ordered BWC to consider the merits of his second claim for benefits.

## II.  ASSIGNMENTS OF ERROR

{¶ 9}   BWC appeals and presents this court with three assignments of error for our review:

> First Assignment of Error
>
> The Trial Court erred in finding that the fourteen (14) day deadline for appeal from the adverse decision or order of the Administrator (R.C. 4123.511) did not apply to a claim for workers' compensation benefits filed by a person other than the injured worker/claimant.
>
> Second Assignment of Error
>
> The Trial Court erred by failing to find that the doctrines of res judicata and collateral estoppel bar or preclude a second claim, application or court case for workers' compensation benefits based on the same injury where it had already been determined that the claimant failed to timely appeal under R.C. 4123.511, and the trial court lacked jurisdiction under R.C. 4123.512.  Daniel v. Williams, 2011-Ohio-1941.
>
> Third Assignment of Error
>
> The Trial Court erred when, after it had denied the Administrator's motion to dismiss or, in the alternative, summary judgment, it remanded the case back to the

Industrial Commission for a hearing on the merits of the claimant's entitlement to workers' compensation benefits.

## III. DISCUSSION

A. *Motion to Strike*

{¶ 10} As a preliminary matter, we must address Daniel's motion to strike. Daniel contends we should strike appendices D, G, H, and I from BWC's brief because the documents in those appendices were not part of the record before the trial court when it rendered the decision from which BWC now appeals. App.R. 9(A)(1) provides:

The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases.

{¶ 11} In its memorandum contra, BWC acknowledges the documents are not part of the record in this appeal. Nonetheless, BWC argues, without any citation to legal authority, that we should not strike the exhibits, in part to avoid making a decision in a "vacuum." (Appellant's June 28, 2013 Memorandum Contra, 3.) However, "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. Because the documents in BWC's appendices D, G, H, and I are not part of the appellate record under App.R. 9, we sustain Daniel's motion to strike them. As such, we shall not consider those documents.

{¶ 12} In addition, Daniel contends we should strike BWC's "statement of fact that a hospital initiated [his] first workers' compensation claim." (Appellee's June 18, 2013 Motion to Strike, 2.) Daniel argues BWC's statement lacks evidentiary support. Daniel's argument appears to relate to BWC's statement in the introduction to its brief that "[i]n this case, a hospital filed the claim on behalf of the claimant, Charles Daniel ('Daniel'). (Appx. 'D')." (Appellant's brief, 3.) In its memorandum contra, BWC does not oppose Daniel's motion to strike this statement. The only evidence BWC cited in support of its statement was appendix D to its brief, which we have already stricken. Moreover, under the statement of the case and facts in its brief, BWC states the first claim "was filed by the hospital (or some third party) on behalf of Daniel." (Appellant's brief, 8.) Thus, BWC

acknowledges the lack of clarity about who filed the claim. In addition, the trial court found it was undisputed that the identity of the person who filed the first claim was unknown, and BWC did not assign this finding as error. Therefore, we grant Daniel's motion to strike BWC's statement that "[i]n this case, a hospital filed the claim on behalf of the claimant." (Appellant's brief, 3.)

B. *Jurisdiction*

{¶ 13} Under its first assignment of error, BWC contends the trial court erred when it found R.C. 4123.511's 14-day deadline for appeal from an adverse order of the administrator did not apply to a claim for workers' compensation benefits filed by a person other than the injured worker. BWC argues the identity of the person who filed the claim is irrelevant under the statute. BWC claims that, because Daniel failed to appeal from the 2008 administrator's order denying the first claim before the 14-day deadline expired, he failed to exhaust his administrative remedies, and the trial court lacked jurisdiction to consider his second court case. In addition, BWC argues the 2008 administrator's order constitutes a decision "on the merits" and makes arguments related to our decision in *Greene*. (Appellant's brief, 15.)

{¶ 14} As Daniel contends, BWC misinterprets the trial court's judgment. The trial court never held the 14-day deadline in R.C. 4123.511(B)(1) did not apply to claims filed by persons other than the injured worker. In fact, the trial court and this court reached the opposite conclusion in *Daniel*, finding the identity of the person who files the claim is irrelevant for purposes of the trial court's jurisdiction. *See Daniel* at ¶ 17, 23. The 14-day deadline applies to appeals from the administrator's order regardless of who initially filed the claim.

{¶ 15} In the present case, the trial court recognized its decision in Daniel's favor might, at first glance, "seem to contradict [its] previous decision dismissing [Daniel's] first appeal." (Decision and Entry, 6.) The trial court explained that Daniel failed to exhaust his administrative remedies as to the first claim for benefits filed on his behalf. However, in this case Daniel was not again appealing from BWC's denial of the first claim. Instead, he appealed from BWC's denial of his *second claim* for benefits filed August 10, 2010. As to the second claim, the trial court found Daniel exhausted his administrative remedies

and implicitly found it had jurisdiction to consider his second court case. In other words, Daniel timely appealed from the orders denying his second claim.

{¶ 16} BWC does not challenge this finding or offer any argument in contradiction of it. Moreover, BWC's arguments about whether the 2008 administrator's order constitutes a decision "on the merits" and the applicability of *Greene* confuse the issue of jurisdiction with the doctrine of res judicata, which we discuss under the second assignment of error. For the foregoing reasons, we overrule the first assignment of error.

C. *Res Judicata*

{¶ 17} Under its second assignment of error, BWC contends the trial court erred when it failed to find res judicata bars Daniel's second workers' compensation claim and court case.

{¶ 18} The doctrine of res judicata "promotes principles of finality and judicial economy by preventing endless relitigation of an issue upon which there was already a full or fair opportunity to be heard." *State v. Jama*, 10th Dist. No. 11AP-210, 2012-Ohio-2466, ¶ 45, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18. To apply the doctrine, we must conclude: (1) there was a prior valid judgment on the merits; (2) the present action involves the same parties as the prior action (or the parties in the present action are in privity with the parties in the prior action); (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence. *Dehlendorf v. Ritchey*, 10th Dist. No. 12AP-87, 2012-Ohio-5193, ¶ 12, quoting *Reasoner v. Columbus*, 10th Dist. No. 04AP-800, 2005-Ohio-468, ¶ 5, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381-82 (1995); *Kirkhart v. Keiper*, 101 Ohio St.3d 377, 2004-Ohio-1496, ¶ 8, citing *Johnson's Island, Inc. v. Bd. of Twp. Trustees of Danbury Twp.*, 69 Ohio St.2d 241, 243 (1982). The applicability of the doctrine of res judicata presents a question of law we consider de novo. *State v. Muhumed*, 10th Dist. No. 11AP-1001, 2012-Ohio-6155, ¶ 11, citing *EMC Mtge. Corp. v. Jenkins*, 164 Ohio App.3d 240, 2005-Ohio-5799, ¶ 15 (10th Dist.); *see Budzevski v. OhioHealth Corp.*, 10th Dist. No. 12AP-112, 2012-Ohio-5038, ¶ 13, quoting *Tepe v. Tepe*, 4th Dist. No. 11CA13, 2012-Ohio-1482, ¶ 9, quoting *Cooper v. Smith*, 155 Ohio App.3d 218, 2003-Ohio-6083, ¶ 10 (4th Dist.) (explaining that, in R.C. 4123.52 appeals, to

the extent the trial court's judgment involves a question of law, " ' "we review the question of law independently and without any deference" ' ").

{¶ 19} " 'The doctrine of *res judicata* involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel).' " *Saha v. Research Inst. at Nationwide Children's Hosp.*, 10th Dist. No. 12AP-590, 2013-Ohio-4203, ¶ 23, quoting *Grava* at 331. "Claim preclusion holds that a valid, final judgment on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Dehlendorf* at ¶ 13, citing *Grava* at syllabus. "Issue preclusion * * * provides that 'a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different.' " *Id.*, quoting *Fort Frye Teachers Assn. OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395 (1998). "While claim preclusion precludes relitigation of the same cause of action, issue preclusion precludes relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *Id.*

{¶ 20} " 'Res judicata, whether claim preclusion or issue preclusion, applies to quasi-judicial administrative proceedings.' " *State ex rel. Varnau v. Wenninger*, 128 Ohio St.3d 361, 2011-Ohio-759, ¶ 11, quoting *State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, ¶ 29. "An administrative proceeding is quasi-judicial for purposes of res judicata if ' "the parties have had an ample opportunity to litigate the issues involved in the proceeding." ' " *Schachter* at ¶ 29, quoting *Set Prods., Inc. v. Bainbridge Twp. Bd. of Zoning Appeals*, 31 Ohio St.3d 260, 263 (1987), quoting *Superior's Brand Meats, Inc. v. Lindley*, 62 Ohio St.2d 133 (1980), syllabus. " 'Proceedings of administrative officers and agencies are not quasi-judicial where there is no requirement for notice, hearing and the opportunity for introduction of evidence.' " *Greene*, quoting *M.J. Kelley Co. v. Cleveland*, 32 Ohio St.2d 150 (1972), paragraph two of the syllabus.

{¶ 21} BWC argues res judicata applies in this case because "[t]he parties, the date of injury, the Administrator's adverse order and the applicable statutes are the same in

both court cases." (Appellant's brief, 19.) BWC claims we "ratified the legality of the Administrator's [2008] order" in *Daniel* because we "found that Daniel was required but failed to timely appeal from that order to the district hearing officer as required by R.C. 4123.511." (Appellant's brief, 20.) According to BWC, in *Daniel*, we "determined that the Administrator's order was on the merits and became final unless Daniel appealed within the statutory deadline." (Appellant's brief, 20.) BWC argues it would be inconsistent for us to now find the 2008 administrator's order was not on the merits.

{¶ 22} A "judgment on the merits" is one "based on the evidence rather than on technical or procedural grounds." *Black's Law Dictionary* 848 (7th Ed.1999). Contrary to BWC's contention, we made no finding in *Daniel* that the 2008 administrator's order was on the merits for purposes of a res judicata analysis. Rather, we explicitly found the appeal did not implicate res judicata, and our review was limited to the issue of jurisdiction. *Daniel* at ¶ 32.

{¶ 23} Here, the trial court found Daniel's second workers' compensation claim was not barred by res judicata because the resolution of the first claim was not an adjudication on the merits as Daniel lacked notice of and an opportunity to present evidence as to the first claim. This rationale does not fit with the definition set forth above for a "judgment on the merits." As BWC points out, the 2008 order indicates the administrator denied the first claim based on evidence, namely medical records, a police report, and the statement of the mother of the teenagers involved in the altercation. From this evidence, the administrator determined Daniel's injury did not arise out of his employment because he removed himself from the course of employment before he became involved in the altercation which resulted in his injury. Because the 2008 order was based on evidence, rather than technical or procedural grounds, it was a decision on the merits.

{¶ 24} BWC argues *Greene* "requires a timely appeal if the decision [of the administrator] is 'on the merits.' " (Appellant's brief, 21.) BWC appears to suggest under *Greene*, as long as the 2008 administrator's order is "on the merits," our inquiry ends and res judicata bars Daniel's second claim. We disagree.

{¶ 25} In *Greene*, an injured worker filed a workers' compensation claim after she slipped and fell in her employer's parking lot, suffering injuries to her knee and ankle. In

1994, BWC denied the application based on Greene's failure to provide it with requested information.  BWC notified Greene of her right to appeal its decision within 14 days, but she did not appeal.  In 1995, Greene filed a second application that was "for all practical purposes * * * identical to the earlier one except that she included medical records." *Id.* BWC's administrator denied the second application based on res judicata, finding BWC lacked jurisdiction to consider an issue previously adjudicated.  Ultimately, the matter proceeded to the Franklin County Court of Common Pleas.  The trial court entered judgment in favor of Greene, in part finding because BWC is ministerial in nature and Greene did not have an opportunity to fully and fairly litigate her claim, the 1994 decision did not adjudicate her claim.

{¶ 26} In affirming the trial court's judgment, we explained the appeal did "not require us to decide whether the procedures established by statute and rule resulting in orders granting or denying the payment of compensation or benefits pursuant to R.C. 4123.511(B)(1) are such that no such BWC order could ever be given preclusive effect under the doctrine of *res judicata.*" *Id.* Instead, we only had to decide whether BWC's processing of the first application was of a judicial nature and the parties had ample opportunity to litigate the issues involved.  We found the only evidence in support of BWC's argument that its activity on Greene's first application constituted an adjudicative proceeding was a sheet of notes by a BWC claims examiner.  The notes "delineate[d] an investigative, rather than adjudicative procedure." *Id.* We held "the mere administrative processing of [Greene's first] application under R.C. 4123.511(B)(1) by the bureau's claims examiner, which culminated in the denial of the claim for failure to provide requested information, was not an adjudication by a judicial or quasi-judicial entity entitled to *res judicata* effect." *Id.*

{¶ 27} In *Greene*, we did not hold that, so long as a decision on the first workers' compensation claim is "on the merits," a second identical claim is automatically barred by res judicata.  As we previously explained, the existence of a prior valid judgment on the merits is just one requirement for the application of res judicata.  *Dehlendorf* at ¶ 12. Thus, the trial court's misuse of the phrase "on the merits" in this case does not end our analysis.

{¶ 28} As in *Greene*, this appeal does not require us to "decide whether the procedures established by statute and rule resulting in orders granting or denying the payment of compensation or benefits pursuant to R.C. 4123.511(B)(1) are such that no such BWC order could ever be given preclusive effect under the doctrine of res judicata." *Id.* Instead, we need only address the underlying basis for the court's res judicata determination—Daniel's lack of notice and an opportunity to present evidence. If Daniel (or his privity) lacked such notice and opportunity, the 2008 administrator's order could not be the result of a quasi-judicial proceeding at which Daniel (or his privity) had an ample opportunity to litigate the issues involved in the proceeding.

{¶ 29} The trial court found Daniel was not aware of the first claim's existence or given an opportunity to present evidence in his favor on the claim before the administrator denied it. BWC points to no evidence in the appellate record that Daniel had notice the first claim existed before the administrator denied it, let alone any evidence Daniel had an opportunity to present evidence in his favor before the administrator denied the claim.

{¶ 30} BWC suggests Daniel had notice and an opportunity to be heard because he received the administrator's 2008 order denying the first claim, could have appealed that order to a DHO, but failed to file a timely appeal. But in *Greene* we rejected a similar argument. There, BWC argued that even if it did not provide Greene with an adjudicative proceeding before it denied her first claim, Greene could have obtained such a proceeding before a DHO by appealing the administrator's order under R.C. 4123.511(B)(1). *See id.* Greene failed to take advantage of that opportunity. In rejecting BWC's argument, we explained that "[t]he requirement for administrative *res judicata* is that the order to be given preclusive effect be the result of an adjudicative proceeding." *Id.* "The fact that such a proceeding was available to review the administrative order but was not utilized does not alter the fact that the order was not the result of an adjudicative proceeding." *Id.*

{¶ 31} Similarly, in this case the fact that Daniel filed an untimely and, thus, unsuccessful appeal from the 2008 administrator's order does not alter the fact that the order was not the result of a quasi-judicial proceeding. Regardless of when Daniel received, read or appealed from that order, he had no opportunity to litigate the first

claim before the administrator denied it.  Prior to the denial, he lacked notice the claim existed and did not have an opportunity to present evidence regarding the claim.

{¶ 32} In its reply brief, BWC contends Daniel "makes a veiled attack on the constitutionality of" R.C. 4123.511 by claiming he did not authorize the unknown person to file the first claim and is not in privity with that person.  (Reply brief, 6.)  Although Daniel argues only certain people are authorized to file workers' compensation claims, the main thrust of his argument is that he is not in privity with the person who filed the first claim for purposes of res judicata.  The issue of who may file a workers' compensation claim for an injured worker under the Ohio Revised Code is distinct from the issue of whether privity exists between the person who filed the claim and the worker for purposes of res judicata.

{¶ 33} BWC does not argue that Daniel was somehow in privity with the person who filed the first claim such that res judicata should bar the second claim.  And, given the fact that person's identity is unknown, we fail to see how such an argument could succeed. We have previously identified circumstances in which privity exists.  *See Charvat v. GVN Michigan, Inc.*, 10th Dist. No. 09AP-1075, 2010-Ohio-3209, ¶ 15-16.  "As a general matter, privity 'is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata.' "  *Thompson v. Wing*, 70 Ohio St.3d 176, 184 (1994), quoting *Bruszewski v. United States*, 181 F.2d 419, 423 (3d Cir.1950) (Goodrich, J., concurring).  Without knowing the identity of the person who filed the first claim, there is no basis for concluding Daniel had any relationship with that person.

{¶ 34} In sum, the 2008 administrator's order denying the first claim was not the result of a quasi-judicial administrative proceeding.  BWC points to no evidence in the record that establishes Daniel had notice of the first claim and an opportunity to present evidence regarding it before the administrator denied the claim.  In effect, he had no opportunity to litigate the issues involved with the first claim.  The doctrine of res judicata does not preclude Daniel's second claim for benefits regardless of whether he filed a timely appeal of the 2008 order.

{¶ 35} Our decision should not be read to mean any time a third-party files a workers' compensation claim for an injured worker, an administrator's order denying the

claim will not have a preclusive effect on a subsequent claim by the injured worker. Our decision is limited to these facts, which indicate after an unknown person filed the first claim, the administrator denied the claim before Daniel knew it existed or had a chance to submit evidence on the claim.

{¶ 36} For the foregoing reasons, we overrule the second assignment of error.

D. *Remand Order*

{¶ 37} Under the third assignment of error, BWC contends the trial court erred when it remanded the matter to the commission for a hearing on the merits of Daniel's second claim for benefits. The trial court actually remanded the case to BWC. However, the specific entity named in the remand order does not impact the heart of BWC's contention, which is that the trial court should have conducted a trial on the merits and not remanded this matter. Therefore, we will interpret the third assignment of error as an attack on the order remanding this matter to BWC.

{¶ 38} Daniel filed his appeal in the trial court under R.C. 4123.512. In such an appeal, "[t]he court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of the action." R.C. 4123.512(D). BWC argues, based on this statute and case law interpreting it, the trial court must proceed de novo and conduct a trial on the merits of Daniel's second workers' compensation claim. The trial court cannot remand the matter to the BWC (or the commission).

{¶ 39} Under "long-established principles," an R.C. 4123.512 appeal "is de novo, in which a claimant bears the burden of proving his or her right to participate in the workers' compensation fund regardless of an Industrial Commission decision." *Bennett v. Admr., Ohio Bur. of Workers' Comp.*, 134 Ohio St.3d 329, 2012-Ohio-5639, ¶ 17. Thus, an R.C. 4123.512 appeal " 'necessitates a new trial, without reference to the administrative claim file or consideration of the results of the administrative hearings' and 'is not a record review or an error proceeding.' " *Id.* at ¶ 19, quoting *Robinson v. B.O.C. Group, Gen. Motors Corp.*, 81 Ohio St.3d 361, 368 (1998), superseded by statute on other grounds as stated in *Bennett* at ¶ 19, fn. 3. "Rather, pursuant to the key final sentence of R.C. 4123.512(D), '[t]he court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to

participate in the fund upon the evidence adduced at the hearing of the action.' " *Bennett* at ¶ 19, quoting R.C. 4123.512(D).

{¶ 40} The Supreme Court of Ohio has endorsed the following reasoning from our decision in *Marcum v. Barry*, 76 Ohio App.3d 536 (10th Dist.1991):

> "Although labeled an appeal and commenced initially by the filing of a notice of appeal, the action in the common pleas court under R.C. 4123.519 [now 4123.512] seeking a redetermination of a decision of the Industrial Commission is not a traditional error proceeding[ ] * * *. R.C. 4123.519 [now 4123.512] contemplates not only a full and complete *de novo* determination of both facts and law but also contemplates that such determination shall be predicated not upon the evidence adduced before the Industrial Commission but, instead, upon evidence adduced before the common pleas court as in any civil action, which may involve a jury trial if demanded. The proceedings are *de novo* both in the sense of receipt of evidence and determination. The common pleas court, or the jury if it be the factual determiner, makes the determination *de novo* without consideration of, and without deference to, the decision of the Industrial Commission. R.C. 4123.519 [now 4123.512] contemplates a full *de novo* hearing and determination. * * *
>
> "* * * With respect to an R.C. 4123.519 [now 4123.512] appeal, there are no words such as 'review, affirm, modify, or reverse' as are contained in R.C. 2505.02, nor even the word 'affirm' or the words 'reverse, vacate, or modify' as set forth in R.C. 119.12 with respect to administrative appeals generally. Rather, the express language of R.C. 4123.519 is that contained in division (C) [now section (D) of R.C. 4123.512] that the court or jury shall 'determine the right of the claimant to participate or to continue to participate in the fund *upon the evidence adduced at the hearing of the action*.' (Emphasis added.)" (Citations omitted.)

*Bennett* at ¶ 20, quoting *Robinson* at 368, quoting *Marcum* at 539-40.

{¶ 41} Daniel is neutral regarding BWC's third assignment of error. On one hand, he recognizes *Bennett* provides strong support for BWC's position, but he also states that because he did not receive a full and fair opportunity to litigate the first or second workers' compensation claim on the merits, the trial court "seemed to conclude that a

meaningful hearing process was a jurisdictional prerequisite to a trial on the merits in a court of common pleas." (Appellee's brief, 18.)

{¶ 42} R.C. 4123.512 and *Bennett* make it clear that the trial court must act de novo in this matter and conduct a trial after which the court or a jury (if demanded) must determine Daniel's right to participate in the workers' compensation fund based on evidence adduced at that trial. Therefore, the trial court erred when it remanded this matter to BWC. Accordingly, we sustain BWC's third assignment of error and remand this matter to the trial court for further proceedings.

## IV. CONCLUSION

{¶ 43} In sum, appellee's motions to strike appendices D, G, H, and I from BWC's brief and BWC's "statement of fact that a hospital initiated [his] first workers' compensation claim," are granted. Further, we overrule the first and second assignments of error, sustain the third assignment of error, and remand to the Franklin County Court of Common Pleas for further proceedings consistent with this decision.

*Motions to strike granted;*
*judgment affirmed in part,*
*reversed in part, and cause remanded.*

DORRIAN and T. BRYANT, JJ., concur.

T. BRYANT, J., retired, formerly of the Third Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).