Kennedy, J.,
concurring.
{¶ 30} I concur fully in the majority’s opinion. I write separately to explain why the dissent is mistaken. The dissent laments that Lucas will remain Belmont County sheriff even though, according to the dissent, he is not qualified for the office. But to reach the merits of whether he is qualified, the dissent leaps over the first and fundamental requirement of a quo warranto case brought under R.C. 2733.06: that the challenger have a good-faith claim to the office. No matter how enticing the merits of a case, the merits do not justify allowing a party who lacks standing to bring it. See Moore v. Middletown, 133 Ohio St.3d *565 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 23 (“It is well settled that standing does not depend on the merits of the plaintiffs contention that particular conduct is illegal or unconstitutional. Rather, standing turns on the nature and source of the claim asserted by the plaintiffs”). Taking the dissent’s rationale to its logical conclusion, any concerned citizen could bring a petition to oust a public officer. Neither the language of the quo warranto statutes nor our precedent authorizes the outcome that the dissent advances.
{¶ 31} The dissent confuses standing, a fundamental requirement for a court’s jurisdiction in every case, with a rule allowing ouster in some quo warranto cases even though the relator is not ultimately entitled to office. An action in quo warranto may be brought by a person claiming to be entitled to a public office unlawfully held and exercised by another. R.C. 2733.06. However, that claim must be made “ ‘in good faith and upon reasonable grounds.’ ” State ex rel. Halak v. Cebula, 49 Ohio St.2d 291, 293, 361 N.E.2d 244 (1977), quoting State ex rel. Ethell v. Hendricks, 165 Ohio St. 217, 135 N.E.2d 362 (1956), paragraph three of the syllabus. The dissent invokes Ethell but does not even mention its holding that good faith and reasonable grounds are fundamental requirements of quo warranto standing.
{¶ 32} In fact, the dissent completely ignores our precedent that quo warranto actions require a private relator to assert a right to the public office in good faith and upon reasonable grounds. It is true that R.C. 2733.08 says, “Judgment may be rendered upon the right of the defendant, and also on the right of the person averred to be so entitled, or only wpon the right of the defendant, as justice requires.” (Emphasis added.) However, R.C. 2733.08 does not erase the standing requirement of R.C. 2733.06 as interpreted by our precedent that good faith and reasonable grounds are prerequisites to maintaining a quo warranto action. Statutes must be interpreted in a manner that gives them full effect. R.C. 1.47(B).
{¶ 33} The dissent does not dispute that Flanagan cannot claim the office of sheriff upon good faith and reasonable grounds. The statute regarding sheriffs is explicit that a vacancy in the office of sheriff is to be filled by appointment by the county central committee of the political party with which the last occupant of the office was affiliated. R.C. 305.02. Flanagan has no reasonable expectation of being appointed to the office, as he does not belong to the same political party. Furthermore, our precedent holds that when a candidate receiving the highest number of votes in an election is ineligible, the candidate receiving the next highest number of votes “is not elected” and cannot maintain an action in quo warranto. Halak at 293, quoting State ex rel. Haff v. Pask, 126 Ohio St. 633, 186 N.E. 809 (1933), at paragraph three of the syllabus. Flanagan has no more *566 standing in quo warranto than any concerned citizen who thinks that an elected officer is unqualified.[1]
{¶ 34} The dissent conflates the fundamental jurisdictional requirement of standing with the statute allowing a court to render judgment only on whether the incumbent should be removed from office, R.C. 2733.08. But this statute comes into play only after it is determined that the relator has standing, that is, once it is determined that the relator has a good-faith belief based on reasonable grounds that he is entitled to the office. The best example of this situation is State ex rel. Hanley v. Roberts, 17 Ohio St.3d 1, 476 N.E.2d 1019 (1985), in which the relator, Hanley, had scored second-highest on a promotional exam and asserted that the highest scorer had had an unfair advantage on the test because it was substantially similar to the test he had taken previously. This court ultimately voided the entire exam. Thus, because Hanley had brought his action in good faith and upon reasonable grounds to believe that he was entitled to the office, the court was authorized to render judgment upon the right of the respondent to hold the office.
{¶ 35} Nor are the cases cited by the dissent apposite. The factual situation in Ethell, 165 Ohio St. 217,135 N.E.2d 362, is virtually identical to that in Hanley: a promotional exam was declared void by the court, meaning that the relator, who argued that he had scored the highest on the exam, was not entitled to the office. This court held that the relator “had reasonable grounds to believe himself entitled to the position here in question, and * * * he began the action as expeditiously as could reasonably be expected, and in good faith.” Thus, pursuant to R.C. 2733.08, the court proceeded to rule on the respondent’s entitlement to the office.
{¶ 36} The Varnau cases, State ex rel. Varnau v. Wenninger, 128 Ohio St.3d 361, 2011-Ohio-759, 944 N.E.2d 663, and State ex rel. Varnau v. Wenninger, 131 Ohio St.3d 169, 2012-Ohio-224, 962 N.E.2d 790, did not discuss standing to bring a quo warranto action. Nor did State ex rel. Deiter v. McGuire, 119 Ohio St.3d 384, 2008-Ohio-4536, 894 N.E.2d 680, mention our long-held standing requirements of good faith and reasonable grounds to assert entitlement to the public office through quo warranto. Relying on these cases as precedent for a determination of standing in a quo warranto action is tantamount to a relator citing State ex rel. Cleveland Right to Life v. State of Ohio Controlling Bd., 138 Ohio St.3d 57, *567 2013-Ohio-5632, 3 N.E.3d 185, as authority for standing in a mandamus or prohibition action.
{¶ 37} Gano v. State ex rel. Robinson, 10 Ohio St. 237 (1859), involved an unusual situation. In that case, the office of Cincinnati city marshal was abolished. The city of Cincinnati passed an act giving certain duties to the appointed chief of police that had formerly been performed by the city marshal. Robinson was appointed chief of police. Despite the change in law, an election for city marshal was held, and Gano won. Robinson brought an action in quo warranto to oust Gano, because he was performing duties that Robinson was now authorized to perform. Thus, while Robinson was not asking to be made city marshal, he clearly had standing to oust Gano because Gano was acting in an office that no longer existed and some of the duties formerly assigned to the abolished office had been assigned to the office held by Robinson.
{¶ 38} Although some of our quo warranto cases may have caused confusion over whether a relator in an R.C. 2733.06 action must show that he has reasonable grounds to believe that he is entitled to the disputed office before the court will address the respondent’s entitlement to the office, today’s decision makes clear that he must.

. A quo warranto action under R.C. 2733.06 is not the only mechanism available to challenge a candidate’s qualifications for office. A qualified elector who is a member of the same political party may bring a protest against the candidate to the board of elections before the election. R.C. 3513.05. The county prosecutor or the attorney general may bring a quo warranto action. R.C. 2733.04 and 2733.05. And, of course, nothing prevents a candidate for office from making truthful statements about his opponent’s lack of qualifications for office during the campaign.